IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

FILED

November 16, 1998

Cecil W. Crowson
Appellate Court Clerk

**FOR PUBLICATION**

JOHN L. RICE,                    )    **Filed: November 16, 1998**
                                 )
        Appellee,                )
                                 )    HAMILTON CIRCUIT
                                 )
Vs.                              )
                                 )    HON. WILLIAM L. BROWN,
                                 )         JUDGE
VERONICA J. SABIR,               )
                                 )
        Appellant.               )    No. 03-S-01-9709-CV-00110

**For Appellant:**                          **For Appellee:**
Samuel R. Anderson                          John D. McMahan
Shane Usary                                 G. Brent Burks
David L. Moss                               McMAHAN & ASSOCIATES
LUTHER-ANDERSON, PLLP                       Chattanooga, Tennessee
Chattanooga, Tennessee

**O P I N I O N**

COURT OF APPEALS REVERSED;
JUDGMENT OF TRIAL COURT REINSTATED.                    ANDERSON, C.J.

In this premises liability case, the issue is whether the owner of a house owed a duty of care to warn a contractor of the existence of mildew on the house roof upon which he had been hired to work and from which he fell and was injured.

The trial court granted the owner a summary judgment, concluding that no duty of care was owed because the owner did not hire or authorize the hiring of the contractor and because the independent contractor was injured by an obvious, readily observable condition. The Court of Appeals reversed the grant of a summary judgment after concluding that a genuine and material factual issue existed with respect to whether the owner hired or authorized the hiring of the contractor.

We agree with the Court of Appeals that a genuine and material factual issue exists with regard to whether the owner hired or authorized the hiring of the contractor. We nonetheless conclude that the owner did not owe a duty of care to warn the contractor about the condition of the roof because the risk of harm was not reasonably foreseeable and the risk of harm did not outweigh the burden of preventing the harm under the facts of this case. We therefore reverse the Court of Appeals' judgment and reinstate the judgment of the trial court.

**BACKGROUND**

The plaintiff contractor, John L. Rice, was seriously injured on July 22, 1994, when he slipped and fell from the roof of a house owned by the defendant, Veronica J. Sabir. The house was leased by Sabir to Gwenzella Chandler, who had hired Rice to trim trees away from the roof and to clean the gutters. Rice filed a complaint against Sabir under negligence and workers' compensation theories.[1]

Defendant Sabir filed a motion for summary judgment. In her affidavit in support of the motion, Sabir asserted that she owned a home on Hansley Drive in Chattanooga,

---

[1] As the Court of Appeals observed, the parties have not raised any issues with regard to the plaintiff's workers' compensation theory.

Tennessee, which she leased to Gwenzella Chandler. On July 12, 1994, Chandler told Sabir about a "mildew problem" in the house. On July 16, 1994, Sabir inspected the home and found mildew "in the lower story of the house." Sabir contacted a contractor, Charles Jackson, to inspect the premises and "make whatever repairs were needed to correct the problem."[2] Sabir asserted in her affidavit that she did not hire John Rice, authorize Chandler to hire Rice, or consent to allow Rice to perform any maintenance on the roof of the home.

In response to the motion for summary judgment, the plaintiff, John Rice, submitted an affidavit from Gwenzella Chandler. According to her affidavit, Chandler told Sabir about the "serious mildew problems" in March of 1994, but no action was taken. She told Sabir about the problem again in July of 1994, and Sabir told her that the mildew inside the house was caused by trees hanging over the roof and clogged gutters. Sabir told Chandler to get John Rice to trim the trees away from the roof and to clean out the gutters and to "fix everything."

According to Rice's affidavit, he was contacted by Gwenzella Chandler in July of 1994 and asked "to get on the roof of the Sabir property, and cut back the trees that were growing up and around the roof of that property." As he began to work, Rice "fell off the Sabir roof because it was dangerous and excessively slippery." Rice further asserted:

> The mildew accumulation in the Sabir residence had also accumulated on the roof, thereby creating a hazard and defect on the roof that was unknown to me or Gwenzella Chandler.
>
> Veronica Sabir never warned me or advised me that the roof of her property was dangerous and that I should not climb onto that roof to cut the trees away from the roof. . . . The severe mildew accumulation on the roof of the Sabir property was not obvious to me nor was it readily apparent to me under the circumstances. The slope of the roof was not such that it would be dangerous to walk upon it, if it had

---

[2] There is no indication as to whether Jackson inspected the premises or what action he took, if any.

not been in an unreasonably slippery and hazardous condition. . . .

Rice concluded that he would not have attempted the maintenance work had he been warned that there was mildew on the roof.

The trial court granted summary judgment to Sabir, finding that "there was no relationship or authorized repair or employment of John Rice by Veronica Sabir" and that "that condition of the roof certainly could be observed by [Rice] with regard to mildew or any other defects that would be observed by anyone climbing on the roof." The Court of Appeals determined that summary judgment was improper because Sabir and Chandler made conflicting factual assertions with regard to a material fact, that is, the hiring of Rice. We granted this appeal and now reverse the Court of Appeals and reinstate the judgment of the trial court.

## LEGAL DUTY

As we have frequently observed, a negligence claim requires a plaintiff to prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. See, e.g., Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993). The duty element is a question of law requiring the court to determine "whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant." Id. at 870 (quoting W. Page Keeton, Prosser & Keeton on Torts, §37 at 236 (5th ed. 1984)). Appellate review of a question of law is de novo. Bradshaw, 854 S.W.2d at 870.

In analyzing duty, the court must balance the foreseeability and gravity of the potential risk of harm to a plaintiff against the burden imposed on the defendant in protecting against that harm. McClung v. Delta Square Ltd Partnership, 937 S.W.2d 891, 902 (Tenn. 1996). A "risk is unreasonable and gives rise to a duty to act with due

-4-

care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995).

In a premises liability case, an owner or occupier of premises has a duty to exercise reasonable care with regard to social guests or business invitees on the premises.[3] The duty includes the responsibility to remove or warn against latent or hidden dangerous conditions on the premises of which one was aware or should have been aware through the exercise of reasonable diligence. See Blair v. Campbell, 924 S.W.2d 75, 76 (Tenn. 1996); Eaton v. McLain, 891 S.W.2d 587, 593-94 (Tenn. 1994). Although the traditional rationale for imposing this duty was the owner's superior knowledge of conditions on the premises, see e.g., Kendall Oil v. Payne, 293 S.W.2d 40, 42 (Tenn. App. 1955), we recently held that a duty may exist even where the injury-causing condition is alleged to be "open and obvious" to the plaintiff. We explained:

> That a danger to the plaintiff was 'open or obvious' does not, ipso facto, relieve a defendant of a duty of care. Instead, the duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm. The factors provided in the Restatement (Second) of Torts, § 343(A) relate directly to the foreseeability question; in short, if the foreseeability and gravity of harm posed from a defendant's conduct, even if 'open and obvious,' outweighed the burden on the defendant to engage in alternative conduct to avoid the harm, there is a duty to act with reasonable care.

Coln v. City of Savannah, 966 S.W.2d 34, 43 (Tenn. 1998).

The duty imposed on the premises owner or occupier, however, does not include the responsibility to remove or warn against "conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." Prosser and Keeton on Torts, supra, § 61 at 426. In this regard, "the mere existence of a defect or danger is generally

---

[3] Although the scope of the duty formerly depended on whether the plaintiff was a licensee or invitee, that distinction has been abolished. Hudson v. Gaitan, 675 S.W.2d 699, 704 (Tenn. 1984).

insufficient to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it." Id. at 426-27. As we explained in Doe v. Linder Const. Co., 845 S.W.2d 173, 178 (Tenn. 1992):

> Foreseeability is the test of negligence. If the injury which occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability. '[T]he plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the [defendant's] power more probably than not would have prevented the injury.'

(emphasis added) (citations omitted).


## ANALYSIS

We begin our analysis and application of the foregoing principles by reviewing the standards applicable to summary judgment. A summary judgment is appropriate only if the moving party shows that no genuine and material factual issue exists and he or she is entitled to relief as a matter of law. In ruling on the motion, the court must consider the evidence in a light most favorable to the non-moving party and must allow all reasonable inferences in his favor. A summary judgment may be proper, therefore, only "when there is no dispute over the evidence establishing the facts that control the application of a rule of law." Byrd v. Hall, 847 S.W.2d 208, 214-15 (Tenn. 1993); Tenn. R. Civ. P. 56.

Plaintiff Rice argues, and the Court of Appeals agreed, that a genuine and material factual issue existed with regard to whether defendant Sabir either hired or authorized his hiring. Specifically, Sabir asserted that she did not hire or authorize the hiring of Rice and did not know of his attempts to perform maintenance to the premises until after he was injured; whereas, Chandler stated that Sabir told her to get Rice to "fix everything" by trimming trees and cleaning the gutters. Sabir argues that regardless of this factual dispute, the trial court correctly determined that she owed no duty of care

-6-

because Rice was an independent contractor who was injured by an "obvious, readily observable" condition.

We agree that a genuine and material factual issue existed with regard to whether Sabir hired or authorized the hiring of Rice, but we disagree that a remand is necessary to resolve this factual issue. As discussed, traditional duty analysis entails balancing of the foreseeable gravity of the potential risk of harm against the burden imposed on the defendant to prevent the harm. McCall v. Wilder, 913 S.W.2d at 153. This analysis applies even when the injury-causing condition was purportedly open and obvious. See Coln, 966 S.W.2d at 43. When we apply this analysis, even assuming that Sabir had authorized the hiring of Rice, we conclude that no duty was owed under the facts of this case.

We initially observe that there is no indication that Sabir had actual knowledge that severe mildew had accumulated on the roof or that it was extremely slippery or any more dangerous than normal. All of the evidence reflects that Sabir had knowledge only of the existence of mildew inside the house. We also conclude that the condition of the roof was not reasonably discoverable with due care. Indeed, for Sabir to have gained knowledge of the condition on the roof would have required her to conduct a self-inspection or to hire another contractor for the purpose of ensuring its safety prior to hiring Rice. As we recently observed in a similar case:

> [T]he policy of placing the risk of incurring physical harm during a repair job on a contractor holding himself or herself out as an expert in that work, as opposed to the lay premises owner, is not unjustified, at least as long as the owner does not willfully or intentionally harm the contractor. To hold otherwise would be to require the untutored owner to inspect the roof for defects before calling a roofing contractor; it would also require the owner to inspect the electrical box before employing an electrician. We do not believe sound public policy requires such an anomalous result . . . .

Blair, 924 S.W.2d at 78.[4]  Having concluded that the condition of the roof was one that Sabir neither knew about nor could reasonably have discovered with due care, it therefore follows that it is not probable that the injury was reasonably foreseeable and that no action of Sabir's could more probably than not have prevented the injury.

We emphasize that our analysis differs from that of the trial court, which had observed that the condition of the roof was "obvious, readily observable."  As we said in Coln, 966 S.W.2d at 34, merely labeling the injury-causing condition "open and obvious" does not end the inquiry as to duty.  Instead, the court must weigh the foreseeable risk and gravity of harm against the burden placed on the defendant to engage in alternative conduct which would have prevented the harm.  Here, we conclude that the harm was not reasonably foreseeable and that no alternative conduct was required of the defendant.

## CONCLUSION

We conclude that the defendant owner owed no duty of care to the plaintiff contractor under the facts of this case because the risk of harm was not reasonably foreseeable and did not outweigh the burden of preventing the harm from occurring. We therefore reverse the Court of Appeals' judgment and reinstate the trial court's judgment awarding summary judgment to the defendant.  Costs of this appeal are taxed to the plaintiff, John L. Rice, for which execution shall issue if necessary.

_____
RILEY ANDERSON, CHIEF JUSTICE

**CONCUR:**
Birch, J
Reid, Sp. J.

**DISSENT:**
Holder, J. - see separate Dissenting Opinion

_____

[4] Although Blair involved a contractor who was injured by the very condition he was hired to repair, we believe these public policy concerns are equally applicable here.

Drowota, J., not participating