# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
### Assigned On Brief November 13, 2000

## JOSEPH HENRY, ET AL. v. BI-DISTRICT BOARD OF URBAN MINISTRY, INC., ET AL.

### Direct Appeal from the Circuit Court for Davidson County
### No. 98C-1988     Hamilton V. Gayden, Jr., Judge

---

### No. M2000-01128-COA-R3-CV - Filed February 23, 2001

---

This appeal arises from an action for negligence. Plaintiff was sleeping in a homeless day shelter when he was struck in the head by Assailant, who was another guest of the shelter. Plaintiff brought suit against Shelter and its controlling Board for failing to provide security. The trial court found that neither Shelter nor Board owed a duty to Plaintiff because providing security would place an onerous burden on the parties. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, Joseph Henry.

David M. Bullock, Nashville, Tennessee, for the appellees, Bi-District Board of Urban Ministry, Inc. and Community Care Fellowship.

### OPINION

Community Care Fellowship (CCF) operates a non-profit "day shelter"[1] which provides services for homeless people in Nashville, Tennessee. In 1997, Joseph Henry visited the shelter to clean up and rest after a crack cocaine binge. While at the shelter, Mr. Henry went to sleep in a large open room known as the shelter's "great room." While Mr. Henry was sleeping, an unknown man entered the shelter to obtain food from the attendants. After receiving a loaf of bread, the man

---

[1] The shelter is open from 9:00 a.m. to 4:00 p.m. and does not provide overnight accommodations.

proceeded to the great room where he spied Mr. Henry asleep.[2]  The man thereafter left the shelter and obtained a brick from the alley outside.  Re-entering the shelter, the man proceeded to strike the sleeping Mr. Henry in the head with the brick.  The man then fled the scene.

Mr. Henry and his wife, Della Henry,[3] brought suit against CCF, the Bi-District Board of Urban Ministry, Inc. (Board),[4] and the unknown assailant.[5]  CCF and Board filed a motion for summary judgment on the basis that neither owed a duty to protect Mr. Henry from the criminal actions of a third party.  After a hearing on the matter, the trial court found that "a requirement that the Board and CCF provide sufficient security to protect . . . its guests from all harm at the hands of other such guests would impose an onerous burden" on the Defendants.  As a result, the court granted the Defendants' motion for summary judgment.  This appeal followed.

The issue, as we perceive it, is as follows:

Did the trial court err in granting the summary judgment motion through its findings that the Defendants owed no duty to Mr. Henry to protect him from the criminal actions of third parties?

With respect to a trial court's legal conclusions, our review is *de novo* with no presumption of correctness.  ***See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.***, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d).  A summary judgment is appropriate only if no genuine issues of material fact exist, and the defendant is entitled to a judgment as a matter of law.  Tenn. R. Civ. P. 56.  A court must consider the evidence in a light most favorable to the non-moving party and allow all reasonable inferences in its favor.  ***See Byrd v. Hall***, 847 S.W.2d 208 (Tenn. 1993).

### Duty of Defendants

In a negligence claim, "a plaintiff [must] prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation."  ***Rice v. Sabir***, 979 S.W.2d 305, 308 (Tenn. 1998).  If there is no duty owed by the plaintiff, then there can be no action for negligence.  ***See Doe v. Linder Constr. Co.***, 845 S.W.2d 173, 178 (Tenn. 1992).  The existence of a duty is a question of law to be determined by the court.  ***See Carson v. Headrick***, 900 S.W.2d 685, 690 (Tenn. 1995).  It arises when "the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant

---

[2] It is not clear from the record if Mr. Henry was the only person sleeping in the great room at the time.

[3] Ms. Henry's action was for loss of consortium.  This action was subsequently non-suited.

[4] Board is the governing entity of CCF.

[5] The claim brought against "John Doe" was later non-suited.

to engage in alternative conduct that would have prevented the harm." ***McCall v. Wilder***, 913 S.W.2d 150, 153 (Tenn. 1985).

> The Supreme Court has set forth several factors to be considered in determining whether a risk is unreasonable, including
>
> > the foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance or social value of the activity engaged in by defendant; the usefulness of the conduct to defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of alternative conduct.
>
> ***McCall v. Wilder***, 913 S.W.2d 150, 153 (Tenn. 1995). After consideration of these factors, we must then balance "the foreseeability and gravity of the potential harm against the burden imposed in preventing that harm."

***Estes v. Peels***, No. E1999-00582-COA-R3-CV, 2000 WL 1424808, at *3 (Tenn. Ct. App. Sept. 21, 2000) (***quoting Coln v. City of Savannah***, 966 S.W.2d 34, 39 (Tenn. 1998)). "In weighing the magnitude of harm and the burden imposed upon defendant, the court must consider whether imposing a duty to take reasonable measures to protect patrons from the consequences of criminal acts of third persons would place an onerous burden – economic or otherwise – upon [the] defendants." ***McClung v. Delta Square Ltd. Partnership***, 937 S.W.2d 891, 904 (Tenn. 1996). If a court finds that the burden to protect the plaintiff would be onerous to the defendants, it should find that the defendants had no duty to provide such protection. ***See Estes***, 2000 WL 1424808, at *7.

In the case currently before this court, the trial court found that "a requirement that the Board and CCF provide sufficient security to protect . . . its guests from all harm at the hands of other such guests would impose an onerous burden" upon the Board and CCF. Among the trial court's reasons were that "Board and CCF do not derive income from their guests, are not in a position to distribute the cost of providing a high level of security, and thus must absorb the entire cost, reducing the resources available to provide services to the homeless community." After our own *de novo* review of the record, we note that the testimony is not refuted that CCF is a non-profit organization funded primarily through contributions from individuals and churches. In addition, a director of CCF stated in his deposition that CCF had no money within its budget to provide security at the shelter and that the requirement to add security would have an effect on the shelter's operations. As such, we find that the trial court was correct in its ruling that neither Board nor CCF had any duty to provide security to protect Mr. Henry from the harm that he suffered. The trial court properly granted the motion to dismiss sought by Board and CCF, and we hereby affirm its ruling.

## Conclusion

Based on the foregoing conclusions, we hereby affirm the trial court's ruling. Cost on appeal are assessed against the Appellant, Joseph Henry, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE