IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 10, 2002 Session

# BARBARA CAGLE v. GAYLORD ENTERTAINMENT CO.

A Direct Appeal from the Circuit Court of Davidson County
No. 98C-2380     The Honorable Carol Solomon, Judge

_____

No. M2002-00230-COA-R3-CV - Filed December 5, 2002

_____

This premises liability action involves injuries suffered in a fall in the Opryland Hotel parking lot.  Plaintiff alleges in her complaint that the hotel created a dangerous condition in its parking lot by constructing a curb or carrier on which plaintiff claims she tripped.  The hotel moved for summary judgment on the grounds that (1) there was no proof the curb constituted a dangerous condition; and (2) there was no proof of causation, e.g., that the plaintiff tripped over the curb.  The trial court granted the motion, and plaintiff has appealed. We find no proof in the record that the curb created a dangerous, perilous, or unsafe condition.  Thus, there is no proof in the record of conduct falling below the standard of care.

**Tenn. R. App. P. 3; Appeal as of Right: Judgment of the Circuit Court is affirmed**

JOHN A. TURNBULL, Sp. J., delivered the opinion of the court in which PATRICIA J. COTTRELL, J. and WILLIAM BRYAN CAIN, J., joined.

Mark. G. Fendley, Nashville, trial counsel for Appellant, Barbara Cagle
R. Stephen Doughty, Nashville, on appeal for Appellant, Barbara Cagle

Rose P. Cantrell, Joel P. Surber, Nashville, for Appellee, Gaylord Entertainment Company

## OPINION
### I. Facts

Plaintiff, Barbara Cagle, a 58 year old resident of Ohio, visited Opryland Hotel on September 29, 1997. She was injured when she fell in the parking lot while returning to her car. The fall occurred between parked cars at or near a location where defendant had erected a long, continuous single raised curb/barrier. The white concrete curb in question is typical in configuration to those commonly found in parking lots. It is slanted on one side, a straight drop on the opposite side, and rounded at the top. The unpainted curb's white color contrasts with the black asphalt pavement in daylight. The curb as constructed is a long single continuous curb which separates opposing marked parking spaces. Although the curb served the purpose of "keeping people from getting in without paying" and adding additional direction to drivers as to parking positions, it does not keep opposing cars from bumping into each other. The parking lot in question is lit by periodic raised lights which illuminate the marked walkways but at night allow shadows between closely parked cars which make seeing the curb difficult or impossible.

Ms. Cagle arrived at the hotel parking lot at about 4:30 p.m. in an automobile driven by one of her companions, Lewanda Reagan, who parked while it was still daylight. The group of friends walked across and out of the parking lot without encountering any curbs and without walking between cars. There were no sidewalks in the parking lot area where the car was parked. The party left the hotel at about 8:30 p.m. through the "Cascades" entrance, the same entrance they had used when arriving. But Ms. Cagle picked up her pace, progressed ahead of her companions, and decided to deviate from the route she had previously used to enter the hotel. Instead, Ms. Cagle cut across the road between the parking lot and the hotel. Her companions did not follow her and continued walking the route by which they had approached the hotel. After leaving her companions, Ms. Cagle continued down a row of parked cars and despite available unencumbered walkways, cut between two parked cars in an apparent attempt to "go through" or shortcut to the group's car. It was in the area between parked cars that she fell.

Ms. Cagle is uncertain what caused her fall. She at first surmised that she fell over a curb, but upon further examination, admits that she has no memory of what caused her fall. One companion was close enough to see Mrs. Cagle "lunge" as she walked between cars in the vicinity of the curb. That companion also tripped over the curb when going to Ms.

2

Cagle's aid.

The curb has no obvious physical or construction defects. There is no expert evidence that the curb or parking lot is designed or constructed in an unsafe, perilous or dangerous manner. There is no evidence in the record of other tripping accidents in the parking lot on this curb or in this location. There is no evidence in the record of any building code violation.

Defendants sought summary judgment on the following grounds:

> 1. The plaintiff cannot establish the essential element of causation ... and
> 2. There is no proof that Opryland Hotel created or maintained an unreasonably dangerous condition ... The curb stop in question was a common architectural feature and reasonably foreseeable to a reasonable person.

After reviewing the deposition of plaintiff, affidavits of Ms. Cagle's companions, and photographs of the parking lot, the trial court granted the motion without specifying grounds. Ms. Cagle has perfected this appeal.

## II. Analysis

Summary judgments enjoy no presumption of correctness on appeal. Instead, we must make a fresh determination as to whether the requirements for summary judgment have been met under Tenn. R. Civ. P. 56. When there is no genuine factual dispute with regard to the claim or defense, summary judgment is appropriate if the moving party is entitled to judgment as a matter of law. *Byrd v. Hall*, 847 SW2d 208 (Tenn. 1993)

Courts presented with a summary judgment motion must view the evidence in the light most favorable to the non-moving party. All reasonable inferences must be resolved in favor of the non-moving party. Accordingly, summary judgment should be granted only when the undisputed facts reasonably support only one conclusion ... that the moving party is entitled to judgment as a matter of law. See *McCall v. Wilder*, 913 SW2d 150, 153 (Tenn. 1995). Summary judgment must be granted if it is demonstrated that the non-moving party will be unable to prove an essential element of its case. See *Byrd*, supra, p. 212, 213.

3

The essential elements that must be proven in a premises liability case, as in any negligence action, are: [1] a duty of care owed by the defendant to the plaintiff; [2] conduct by the defendant falling below the standard of care amounting to a breach of the duty; [3] an injury or loss; [4] 'causation in fact' and [5] legal cause. See *Rice v. Sabir*, 979 SW2d 305, 308 (Tenn. 1998); *Coln v. City of Savannah*, 966 SW2d, 34, 39 (Tenn. 1998).

The owner or possessor of a premises owes a general duty to its customers to use reasonable care to make the premises safe. See *Hudson v. Gaitan*, 675 SW2d 699, 703 (Tenn. 1984). Reasonable care to make the premises safe requires an owner or possessor to not create or maintain dangerous conditions. See *Baisley v. Rain, Inc.*, 29 SW3d 879 (Tenn. Ct. App. 2000), and to remove or warn customers of a dangerous condition about which the owner knows or reasonably should know. See *Eaton v. McClain*, 891 SW2d 587, 594 (Tenn. 1994). *Coln*, supra, p. 40. A condition will be considered dangerous if it is reasonably foreseeable that the condition will cause injury and that a reasonably careful person would not maintain the premises in such a state. See *McCall v. Wilder*, 913 SW2d 150, 153 (Tenn. 1995).

The pivotal issue here is whether the plaintiff has presented proof that the curb, as constructed and maintained, created an unsafe, dangerous or perilous condition. Clearly, an owner or possessor of a premises has no duty to protect its customers from, or warn them against, conditions that are not dangerous or unsafe. Neither can the owner or possessor of a premises be held to breach a duty absent a dangerous, perilous, or unsafe condition. Viewing the evidence in a light most favorable to the plaintiff and resolving all reasonable inferences that may be deduced therefrom in her favor, we must determine whether the curb, as constructed and maintained, constituted a dangerous, perilous, or unsafe condition.[1]

The proof in this record, like common experience, demonstrates that curbs like the one in question are ubiquitous. They are frequently placed in commercial parking lots to direct traffic, to serve as parking stops, and to protect medians. Plaintiff claims that the curb in question had no purpose other than to keep people from "getting in without paying." She argues that the curb does not stop vehicles from bumping into one another when they park facing each other, and does not border any median. At night, the lighting in the parking lot

---

[1] For the purpose of this analysis, we assume for the moment that circumstantial evidence exists that Mrs. Cagle tripped on the curb.

does not clearly illuminate the curb, due to the shadows created by parked cars. The curb is not painted yellow, or with a paint that glows in the dark.

It is conceivable that proof could be developed that would lead to the conclusion that the design and construction of the curb and the lighting in the parking lot created an unsafe, dangerous, or perilous condition. However, this record contains no such proof. There is no proof that any building code or standard was violated in the construction or maintenance of the parking lot. No expert has been produced to testify that the design or placement of the curb or the lighting violates any construction standard, any state or federal accessibility requirement, or any building code.

Likewise, the record is devoid of evidence of other prior incidents involving a person tripping over this curb, or any curb in this parking lot. In light of the number of visitors traversing this parking lot on a daily basis, the lack of proof of other similar incidents does not lead to the conclusion that the curb creates an inherent danger. The fact that Ms. Cagle tripped on the curb is not proof that the curb is dangerous or unsafe. Graceful athletes often trip on yardlines in football or on the foul line in basketball. People do trip and fall on conditions that are not unsafe.

Accordingly, without some evidence that the curb had some dangerous defect, or that the design or maintenance of lighting or lack of paint on the curb created an unsafe condition, the plaintiff's claim must fail as a matter of law. To hold otherwise would condemn, without proof, all parking lots with curbs as dangerous. Summary judgment is appropriate where the plaintiff has not produced evidence to meet any of the essential elements of a negligence case as a matter of law. See _Coln v. City of Savannah_, 966 SW2d 34 at p. 40 (Tenn. 1998); _Byrd v. Hall_, 847 SW2d 208 (Tenn. 1993).

Because plaintiff has produced no evidence of an unsafe, dangerous, or perilous condition, she fails to meet either the duty or breach of duty components of a negligence claim. Accordingly, further analysis is unnecessary as to whether "the forseeability and gravity of harm posed from [the] defendant's conduct, even if 'open and obvious,' outweighed the burden on the defendant to engage in alternative conduct to avoid the harm." See _Coln_ at 43. If there is no proof of an unsafe, dangerous, or perilous condition, there is no proof that defendant's conduct posed any harm to the plaintiff. Likewise, it is unnecessary to consider whether the circumstantial evidence in the record is sufficient to

create a genuine issue of material fact as to causation.

We affirm the summary judgment granted to Gaylord Entertainment Company and remand the case to the trial court for any further necessary proceedings. We tax the costs of this appeal to Barbara Cagle and her surety for which execution may issue, if necessary.

_____
John A. Turnbull, Sp. Judge