# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
February 5, 2014 Session

## FRANK W. WILSON ET AL. v. TMBC, LLC

**Appeal from the Circuit Court for Sevier County**
**No. 2011-0614-III      Rex Henry Ogle, Judge**

**No. 2013-01907-COA-R3-CV-FILED-MAY 27, 2014**

The plaintiff[1] took his bass fishing boat to defendant's business for it to repair a "rodbox lid" that did not fit properly. While the boat was there, defendant replaced the lid. Subsequently, plaintiff went to the defendant's store and got in the boat, which was on a trailer in the parking lot, in order to examine the new lid. While attempting to exit the boat, plaintiff caught his foot on something, tripped, and fell out of the boat. Plaintiff's theory was that an employee of the defendant had negligently left the old rodbox lid inside the boat and that plaintiff tripped over the old lid. At the close of plaintiff's proof, defendant moved for a directed verdict, arguing that (1) plaintiff failed to prove breach of duty because, according to defendant, he offered no evidence of the object that caused his fall; and (2) defendant could not, as a matter of law, be liable because plaintiff was at least 50% at fault for his injuries. The trial court directed a verdict for defendant. We hold that plaintiff presented sufficient proof that the old lid caused him to trip and fall, and that a reasonable trier of fact could conclude that the employee had negligently caused plaintiff's injury. We further hold that the question of comparative fault is properly for the jury to decide under the proof presented at this trial. We therefore vacate the directed verdict and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Ronald J. Zuker, Knoxville, Tennessee, for the appellants, Frank W. Wilson and Sonya L. Wilson.

---

[1]Mr. Wilson's wife, Sonya L. Wilson, was also a plaintiff. Hers was a derivative claim. All references to "plaintiff" are references to Mr. Wilson.

Rockforde D. King and Melissa B. Carrasco, Knoxville, Tennessee, for the appellee, TMBC, LLC.

## OPINION

### I.

Plaintiff bought a bass boat from defendant TMBC, LLC, in July 2010. The boat's rodbox lid did not fit properly. The rodbox lid is a hinged aluminum lid that is designed to fit flush with the front deck of the boat, so that, when it is closed, it is part of the deck or the "floor" of the front deck. The lid opens to a storage area below deck where fishing rods or other things can be stowed. Significantly, the rodbox lid is covered with the same gray carpet as the rest of the boat's deck – it is designed to look like the rest of the deck as a solid floor when it is closed.[2]

On two occasions prior to the plaintiff's May 24, 2011 fall, plaintiff took his boat to defendant's store to have the rodbox lid replaced. The third time plaintiff took his boat in, he brought his friend, Larry Wright, with him, and they stayed in the store while the repairs were being attempted.

After about an hour, plaintiff and Wright returned to the service area and found a technician inside the boat working on the lid. The technician asked plaintiff to get into the boat to look at the replacement lid. Plaintiff climbed up into the boat without incident and examined the new lid, which, to his dissatisfaction, was still not flush with the surface. Plaintiff testified that as he turned to exit the boat, the following occurred:

> Well, when I told [the technician], you know, I wasn't accepting
> it, I turned to exit the boat. And when I turned I reached for the
> steering wheel, and I was already in the motion to go forward
> and I raised my foot and something caught the back of my foot.
> When it did, it pitched me forward. I tried to grab going over,
> and I went down and landed on my shoulder, on asphalt.

Plaintiff did not see the object upon which he tripped. He testified that he did not know what caused him to trip and fall, other than "something hit my foot as I [was] coming up with it and pitched me forward."

---

[2]Plaintiff introduced a number of photographs of the boat and the rodbox lid into evidence, and these photographs are included in the appellate record.

-2-

Wright was standing nearby, outside the boat, and saw plaintiff fall out of the boat. He testified as follows:

> After [plaintiff] tried the lid and their conversation took place about him not accepting it, [plaintiff] pivoted around, headed toward the cockpit area. And [in] the motion of leaning forward to grab ahold of the steering wheel again and work his way in the motion of exiting the boat the way he came in, I heard a clanging banging noise, and in that instant saw [plaintiff] pitch forward and land on the pavement, out of the boat.

Wright stated that shortly after plaintiff fell, Wright looked in the boat and saw the old rodbox lid "cocked up about 6 to 8 inches up on the passenger side seat." Wright testified that there was nothing in the boat that could have caused the "clanging banging noise" other than the old rodbox lid.

Plaintiff brought this action alleging that defendant's employee negligently left the old rodbox lid between the seats of the boat, creating a dangerous condition that caused plaintiff to trip and fall, and that the employee negligently failed to warn plaintiff that the old rodbox lid was there. The case proceeded to a jury trial. Plaintiff presented the testimony of two witnesses during his case in chief – himself and Wright. At the close of plaintiff's proof, defendant moved for a directed verdict, arguing, as already noted, that (1) plaintiff failed to prove breach of duty because he offered no evidence of the object that caused his fall; and (2) defendant could not be liable as a matter of law because plaintiff was at least 50% at fault for his injuries. The trial court granted the motion and dismissed the case. In its written order, the trial court stated only that "the Plaintiff failed to make out a prima facie case and that the motion should therefore be sustained." In orally granting the motion from the bench, however, the trial court expounded on its reasoning:

> [A]fter considering everything, the Court has granted the motion for a directed verdict. In other words, the Court has found that if, in its opinion, that a reasonable jury could not find more than 50% fault against [defendant], if it's 50% or less, than [defendant] could not be found liable.
>
> And so, for that reason, the Court has dismissed the Plaintiff's case. Regretfully, there's serious injury here, no question about it, but you first have to determine liability before you even got to the issue of damages. But the Plaintiff would have had to [have] proven fault, at least 51% fault, on behalf of [defendant].

And the Court had to make a decision of law on whether they had done that in the eyes of the law, and the Court has found that they did not. And so, for that reason, the Court has dismissed the case.

Plaintiff timely filed a notice of appeal.

## II.

Plaintiff raises the following issues on appeal:

1. Whether the trial court erred in granting defendant a directed verdict at the close of plaintiff's proof.

2. Whether the trial court erred in granting defendant's pre-trial motion in limine to exclude Wright's testimony regarding what caused plaintiff to trip and fall from the boat.

3. Whether the trial court erred in awarding defendant discretionary costs in the amount of $1,258.40 for court reporter fees.

## III.

Our standard of review of a trial court's directed verdict has been stated by the Supreme Court as follows:

In reviewing the trial court's decision [on] a motion for a directed verdict, an appellate court must take the strongest legitimate view of the evidence in favor of the non-moving party, construing all evidence in that party's favor and disregarding all countervailing evidence. ***Gaston v. Tenn. Farmers Mut. Ins. Co.***, 120 S.W.3d 815, 819 (Tenn. 2003). A motion for a directed verdict should not be granted unless reasonable minds could reach only one conclusion from the evidence. ***Id.*** The standard of review applicable to a motion for a directed verdict does not permit an appellate court to weigh the evidence. ***Cecil v. Hardin***, 575 S.W.2d 268, 270 (Tenn. 1978). Moreover, in reviewing the trial court's denial of a motion for a directed verdict, an appellate court must not evaluate the

credibility of witnesses. ***Benson v. Tenn. Valley Elec. Coop.***, 868 S.W.2d 630, 638-39 (Tenn. Ct. App. 1993). Accordingly, if material evidence is in dispute or doubt exists as to the conclusions to be drawn from that evidence, the motion must be denied. ***Hurley v. Tenn. Farmers Mut. Ins. Co.***, 922 S.W.2d 887, 891 (Tenn. Ct. App. 1995).

***Johnson v. Tenn. Farmers Mut. Ins. Co.***, 205 S.W.3d 365, 370 (Tenn. 2006); *see also **Lake v. Memphis Landsmen, LLC***, 405 S.W.3d 47, 67 (Tenn. 2013). "Appellate courts must conduct a de novo review of a trial court's ruling on a motion for a directed verdict, applying the same standards that govern the trial court's determination." ***Lake***, 405 S.W.3d at 67.

IV.

A.

We review the evidence presented by plaintiff at trial under the above-stated standards to determine whether the trial court erred in its determination that plaintiff failed to establish a prima facie case of negligence. "In order to establish a prima facie claim of negligence, basically defined as the failure to exercise reasonable care, a plaintiff must establish the following essential elements: '(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause.' " ***Giggers v. Memphis Housing Auth.***, 277 S.W.3d 359, 364 (Tenn. 2009) (quoting ***McCall v. Wilder***, 913 S.W.2d 150, 153 (Tenn. 1995)). Plaintiff has characterized his cause of action as a premises liability case. Although the "premises" at issue here are perhaps smaller than usual – the inside of plaintiff's bass boat – the action does have many of the aspects of a premises liability case, in that plaintiff alleged that defendant created a defective or dangerous condition, in a space over which defendant's agent exercised occupation and control during the operative time at issue. The Supreme Court has observed that,

> [i]n a premises liability case, an owner or occupier of premises has a duty to exercise reasonable care with regard to social guests or business invitees on the premises. The duty includes the responsibility to remove or warn against latent or hidden dangerous conditions on the premises of which one was aware or should have been aware through the exercise of reasonable diligence.

***Rice v. Sabir***, 979 S.W.2d 305, 308 (Tenn. 1998) (footnote omitted). Furthermore,

> [i]n order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, the plaintiff must prove, in addition to the elements of negligence, that: 1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident.

*Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004).

Plaintiff's theory is simple and straightforward. He asserts that defendant's technician removed the old ill-fitting rodbox lid, replaced it with a new one, and left the old lid inside the boat in a place that (1) presented a tripping hazard to plaintiff and (2) caused his injury. Defendant's first argument is that plaintiff failed to present any proof tending to establish the cause of his injury. As we have observed, "proof of negligence without proof of causation is nothing." *Mosley v. Metro. Gov't of Nashville and Davidson Cnty.*, 155 S.W.3d 119, 124 (Tenn. Ct. App. 204) (quoting *German v. Nichopoulos*, 577 S.W.2d 197, 203 (Tenn. Ct. App. 1978)). Without any proof of causation in this case – says defendant – plaintiff cannot recover because it would be speculation for the jury to find that plaintiff tripped over the rodbox lid. Defendant correctly points out that plaintiff's own testimony does very little to establish causation. Plaintiff testified candidly as follows:

> Q: You never saw the rodbox-lid at any time, did you?
>
> A: No, I just felt something hit my leg as I was exiting the boat.
>
> Q: But you never saw it ever, either going into the boat or during the process of going out of the boat, never saw it a single time?
>
> A: No.
>
> * * *
>
> Q: All right. So now, when you get in the boat and you put your foot in the driver's seat and you get down here, what you're saying is, if this rodbox-lid was there you never saw it?

A: I never saw it. *If the carpet was up it'd been matching the bottom of the deck carpet plus the back, it looked carpet all the way.*

\* \* \*

Q: Okay. Now, let's talk about this: You do not know what caused you to trip and fall out of that boat, do you?

A: No sir, I do not.

Q: And you've always said that you didn't know what caused you to trip and fall; right?

A: Correct. I just, I've always said that something hit my foot as I's coming up with it and it pitched me forward.

\* \* \*

Q: And you don't know whether your foot hit the side of the boat, the side of one of the seats, you just don't know what happened to you, all you know is your foot hit something and you fell out of the boat?

A: Correct.

(Emphasis added.)

Plaintiff's lawsuit would clearly be in peril if this were the only causation testimony he presented. But his friend, Wright, also testified regarding causation. He presented, in our opinion, enough proof tending to establish that plaintiff tripped on the rodbox lid to establish a jury question. Wright's pertinent testimony is as follows:

A: I heard a clanging banging noise, and in that instant saw [plaintiff] pitch forward and land on the pavement, out of the boat.

\* \* \*

Q: After you heard this noise, what did you see?

-7-

A: [Plaintiff] pitched out of the boat onto the pavement.

Q: Did you ever have occasion after that to look back into the boat?

A: Yes I did.

Q: And what did you see?

A: Rodbox-lid cocked up about 6 to 8 inches up on the passenger-side seat.

Q: And where is this, again?

A: In between the starboard side, the driver of the boat's seat, and the passenger, on the seat that lays down, the lid in a cocked-up position about 6 to 8 inches up on the passenger-side seat.

\* \* \*

Q: All right. What color is it [the rodbox lid]?

A: Gray, same as the carpet of the interior of the boat.

Q: Can you say whether or not this was the way it was, as far as with the gray side up or gray side down?

A: Gray side up.

\* \* \*

Q: Let me ask you this, Mr. Wright: *Did you see anything else in that boat that could've caused this noise you just testified to?*

A: *No.*

(Emphasis added.) Moreover, in his deposition testimony, Wright stated "with absolute certainty" that plaintiff had tripped on the rodbox lid:

Q: Since you did not see what [plaintiff's] foot touched, can you state with absolute certainty that it was the rodbox lid that he tripped on?

A: *In proportion to the noise and the position of [plaintiff], yes.*

Q: And what noise are you referring to?

A: The clanging sound.

\*       \*       \*

Q: Is there anything else in that boat that you saw that could have caused that sound other than what you have already testified to?

A: No.

(Emphasis added.)

In reviewing the trial court's directed verdict, we must construe the evidence in the light most favorable to the plaintiff – the non-movant. *Johnson*, 205 S.W.2d at 370; *Sanford v. Waugh & Co., Inc.*, 328 S.W.3d 836, 848 (Tenn. 2013); *Eaton v. McLain*, 891 S.W.2d 587, 590 (Tenn. 1994). Furthermore, we must "give [the non-movant] the benefit of all reasonable inferences from the evidence." *Richardson v. Miller*, 44 S.W.3d 1, 30 (Tenn. Ct. App. 2000); *Applewhite v. Blanchard*, No. W2010-00343-COA-R3-CV, 2011 WL 345632 at *1 (Tenn. Ct. App. W.S., filed Feb. 1, 2011). Plaintiff testified that he fell because he caught his foot on something, but he did not know what it was. Wright's testimony establishes that (1) Wright heard a clanging noise as plaintiff fell; (2) Wright looked in the boat shortly thereafter and saw the rodbox lid in a "cocked-up position"; and (3) there was nothing else in the boat that could have made the clanging noise. The totality of Wright's testimony gives rise to an inference that the rodbox lid is what plaintiff tripped over. The trier of fact could reasonably draw that conclusion from the evidence presented. The following recent guidance from the Supreme Court is instructive:

> It is well established that "[c]ause in fact and proximate cause are 'ordinarily jury questions, unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome.'" *Hale* [*v. Ostrow*], 166 S.W.3d [713,] 718 [Tenn. 2005] (quoting

-9-

> *Haynes* [*v. Hamilton Cnty*.], 883 S.W.2d [606,] 612 [Tenn. 1994]); *see also* ***McCarley v. W. Quality Food Serv.***, 960 S.W.2d 585, 588 (Tenn. 1998); ***McClenahan v. Cooley***, 806 S.W.2d 767, 775 (Tenn. 1991); ***Pullins v. Fentress Cnty. Gen. Hosp.***, 594 S.W.2d 663, 671 (Tenn. 1979). Where the evidence supports more than one reasonable conclusion, causation in fact and proximate causation are issues of fact which should be decided by the jury and not the appellate court. ***Pullins***, 594 S.W.2d at 671.

***Wilson v. Americare Systems, Inc.***, 397 S.W.3d 552, 559 (Tenn. 2013).

B.

Regarding the trial court's ruling on defendant's motion in limine, the court allowed Wright to testify about everything that he had seen and heard, but ruled that he "shall not be allowed to testify about what caused Plaintiff . . . to trip and fall from the boat." "When arriving at a determination to admit or exclude evidence, trial courts are generally 'accorded a wide degree of latitude and will only be overturned on appeal where there is a showing of abuse of discretion.' " ***Brandy Hills Estates, LLC v. Reeves***, 237 S.W.3d 307, 318 (Tenn. Ct. App. 2006) (quoting ***Otis v. Cambridge Mut. Fire Ins. Co.***, 850 S.W.2d 439, 442 (Tenn. 1993)). Defendant's motion was grounded in its assertion that Wright lacked sufficient personal knowledge to testify about his conclusion, as stated in his deposition, that plaintiff "tripped on that lid." While Tennessee Rule of Evidence 701 may provide a ground to admit Wright's inference testimony,[3] any error in excluding Wright's testimony was generally harmless, because, as already discussed, the sum and substance of his causation testimony was placed before the jury without objection.

---

[3]Tennessee Rule of Evidence 701 provides:

> (a) **Generally**. If a witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are
>
> (1) rationally based on the perception of the witness and
>
> (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.

(Bold font in original.)

C.

Defendant's second argument in support of its motion for directed verdict is that the proof at trial establishes as a matter of law that plaintiff was 50% or more at fault for his own injuries. Defendant has a reasonable argument that plaintiff was at fault in failing to see the rather large rodbox lid[4] and in not watching where he was stepping. Plaintiff also has a reasonable argument in pointing out that the lid is covered in the same carpet as the deck of the boat, and hence is "camouflaged" and not necessarily easily seen. Arguably, plaintiff also may reasonably assert that the risk of danger posed by leaving the rodbox lid in the boat in a place where it might easily be stepped on and tripped over is foreseeable, and that the burden on defendant to take steps to avoid the risk – to put the old lid in a safer place or to warn plaintiff of its location – is relatively slight.

Tennessee courts have frequently held that comparative fault is a jury question unless the proof is so clear that reasonable minds could not disagree. *See, e.g.*, *Wilson*, 397 S.W.3d at 559 ("The issue of allocation of comparative fault is also a determination of fact to be made by the jury"); *Hale*, 166 S.W.3d at 718 ("Given that the evidence on summary judgment must be viewed in the light most favorable to the plaintiff, . . . the issue of causation, as well as the allocation of comparative fault, are determinations of fact to be made by the jury"); *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 92 (Tenn. 2000) ("Because reasonable minds can differ on the reasonableness of [plaintiff's] actions and the extent of her fault, a jury should have decided the questions of fact relevant to this issue, and the Court of Appeals erred by finding that, as a matter of law, [plaintiff] was at least fifty percent at fault in causing her injuries"); *Timmons v. Metro. Gov't of Nashville and Davidson Cnty.*, 307 S.W.3d 735, 745 (Tenn. Ct. App. 2009) ("The degree of fault of each party in producing the injury is a circumstance for the finder of fact to consider and determine"); *Henley v. Amacher*, No. M1999-02799-COA-R3-CV, 2002 WL 100402 at *6 (Tenn. Ct. App. M.S., filed Jan. 28, 2002) ("[I]n a vast majority of cases, the comparison and allocation of fault is a question of fact to be decided by the finder-of-fact . . . . The task of comparing and allocating fault may be taken from the jury only when it can be determined beyond question (or alternatively, when reasonable minds cannot differ) that the plaintiff's fault is equal to or greater than the defendant's"). In the present case, examining the proof under our directed verdict standard, it is clear beyond question that a reasonable trier of fact could conclude that plaintiff was less than 50% at fault for his injuries. Consequently, the issue of comparative fault is for the jury.

---

[4]The testimony established that the rodbox lid is about 38 inches long, about 19 inches wide, and weighs somewhere between 14 to 18 pounds. The lid was admitted into evidence at trial.

-11-

V.

The trial court's directed verdict is vacated and this case is remanded for further proceedings. Given our disposition in plaintiff's favor on the issue of the directed verdict, the trial court's award of discretionary costs in defendant's favor is also vacated. Costs on appeal are assessed to the appellee, TMBC, LLC.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE