IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2017

## JOE MITCHELL v. STATE OF TENNESSEE

**Appeal from the Claims Commission for the Middle Division**
**No. T20160698      Robert N. Hibbett, Commissioner**

_____

### No. M2016-02044-COA-R3-CV

_____

Joe Mitchell ("Mitchell") appeals the July 22, 2016 order of the Claims Commission for the Middle Division ("the Claims Commission") granting summary judgment to the State of Tennessee ("the State") on Mitchell's claim for negligence. We find and hold that the State made a properly supported motion for summary judgment negating an essential element of Mitchell's claim, *i.e.*, injury or loss, and that Mitchell failed to produce evidence showing a genuine disputed issue of material fact. We, therefore, affirm the grant of summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission**
**Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY W. ARMSTRONG, JJ., joined.

Joe Mitchell, Only, Tennessee, pro se appellant

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Charlotte Davis, Assistant Attorney General for the appellee, the State of Tennessee.

### OPINION

### Background

Mitchell is an inmate housed at the Turney Center Industrial Complex in Only, Tennessee. Mitchell filed a claim for negligence against the State with regard to an alleged injury that he claims occurred on September 19, 2015. Specifically, Mitchell alleged:

On Friday the 18th, day of September 2015 at approximately 10:45 P.M. the power went of [sic] in my assigned cell which is Unit 4 A-201 and was not turned back on until the following Monday which was the 21st, day of September 2015. Subsequently on the 19th, Saturday night while my power was still out I was getting down out of my bunk to use the bathroom and missed my footing on the table due to the darkness in the cell and slipped and hurt my Knee and Lower back.

The State filed a motion for summary judgment supported, in part, by an excerpt from Mitchell's deposition wherein Mitchell described the incident stating:

I fell down in the middle of the night. . . . Just getting up at nighttime - - or getting up in nighttime to use the bathroom, it's just - - there's no lights in the cell. It's black dark in there. And they don't have ladders on the bed or nothing to get down so you've got to turn around trying to find the table, and then trying to find the stool, and then find the floor.

Mitchell testified that his roommate was asleep and did not wake when Mitchell fell. When asked what happened after he fell, Mitchell stated: "Nothing. I couldn't - - I just went to the bathroom, and then used it, and then got back up in the bed." When asked about pain, Mitchell stated:

Well, it - - it was immediate - - it and what catches you is the floor. So it was more or less like a jam-type thing. I mean, it was just slipped, and all the pressure went on the left leg, the left side, you know, getting off of there; that's what I was reaching down and getting something to step down on that I missed.

The State also submitted portions of Mitchell's medical records, which showed that Mitchell had suffered from knee and foot pain prior to the incident at issue. The medical records also included a report for x-rays taken on October 6, 2015, which stated, in pertinent part:

**LUMBAR SPINE 2V\*:**
AP and lateral views of the lumbosacral spine are presented for evaluation. There are no prior comparative studies. The lumbar vertebral bodies are normal height. There is very slight disc space narrowing at the L5-S1 level. Early degenerative changes of the articular facets are present.
The pedicles are intact. The SI joints are normal.

**IMPRESSION:**
**Mild early degenerative changes of the lumbosacral spine.**

**KNEE LT 2 V:**
2 views of the left knee are presented for evaluation. There are no prior comparative studies. Artifact is interposed over the medial collateral ligament. No acute abnormalities are demonstrated. Very slight joint space narrowing is seen with retropatellar narrowing. This is within normal limits for the patient's age.

**IMPRESSION:**
**Mild early degenerative changes without traumatic abnormalities or articular irregularity.**

Mitchell responded to the motion for summary judgment and the State's statement of undisputed material facts and denied that he had ever complained of any injury to his foot.

By order entered July 22, 2016, the Claims Commission granted the State's motion for summary judgment after finding and holding, *inter alia*, "the State has provided medical records to show that there is no credible proof that [Mitchell] suffered an injury from his alleged fall," and that Mitchell failed to provide medical evidence of an injury, and therefore, Mitchell cannot establish the essential element of injury or loss. Mitchell filed a motion to alter or amend, which the Claims Commission denied by order entered September 28, 2016. Mitchell appeals the grant of summary judgment to the State.

## Discussion

Although not stated exactly as such, Mitchell raises one issue on appeal, whether the Claims Commission erred in granting summary judgment to the State. As our Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing

3

so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

\* \* \*

[I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id*. When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes

4

forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

As our Supreme Court has noted, the State has waived sovereign immunity pursuant to Tenn. Code Ann. § 9-8-307(a)(1)(E) with regard to claims for the "[n]egligent care, custody and control of persons . . . ," in cases involving "injuries to persons confined in penal institutions, residences, or health facilities maintained by the state." *Stewart v. State*, 33 S.W.3d 785, 791-92 (Tenn. 2000). Determinations of liability in such cases "shall be based on the traditional tort concepts of duty and the reasonably prudent person's standard of care." Tenn. Code Ann. § 9-8-307(c) (Supp. 2016).

With regard to negligence our Supreme Court has instructed:

[A] negligence claim requires a plaintiff to prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. *See, e.g., Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993).

*Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998) (footnote omitted).

The record on appeal reveals that the State made a properly supported motion for summary judgment negating an essential element of Mitchell's claim, *i.e.*, injury or loss. The burden then shifted to Mitchell to set forth specific facts showing a genuine disputed issue of material fact, "which could lead a rational trier of fact to find in favor of [Mitchell]." *Rye*, 477 S.W.3d at 265. The record on appeal reveals that Mitchell failed to do so.

In his brief on appeal, Mitchell argues that the Claims Commission erred in granting summary judgment before allowing him time for discovery. Prior to the Claims Commission ruling upon the State's motion for summary judgment, Mitchell had propounded several discovery requests that the State had not yet answered. Specifically, Mitchell submitted a request for admissions, a second set of interrogatories and request for production of documents, and a motion requesting production of videos and pictures. When the State responded to Mitchell's motion to alter or amend the judgment, it attached as exhibits Mitchell's unanswered discovery requests.

5

A careful and thorough review of these discovery requests shows that Mitchell was seeking information about who "reset the breaker that restored the electrical power" in specified prison cells on the dates of April 3, 2016, and September 21, 2015, and the length of a ladder attached to a top bunk in unit 4 A-201; and admissions regarding whether the top bunk in unit 4 A-201 had a ladder or steps, and whether the electrical power was turned on in unit 4 A-201 on September 21, 2015. Mitchell further requested:

(a) A copy of the log book that shows what time unit 4 A was called to breakfast on 19th, day of September 2015;

(b) A Copy of *all* Videos and/or DVD's that shows [Mitchell] talking to Sgt. Rossen in front of the chow hall at breakfast on the morning of September 19, 2015;

(c) A Copy of *all* Videos and/or DVS's that show [Mitchell] going to/at the window of operations on 9-19-2015 at appx. 12:30 in the afternoon to talk to Sgt. Rossen and Lt. Lake.

(d) [Mitchell] would request "pictures" of "top-bunks" that were used in military barracks and summer camps for the last few decades.

None of these discovery requests propounded by Mitchell asked for any information whatsoever of a medical nature. Even if the Claims Commission erred in ruling upon the State's motion for summary judgment before allowing Mitchell time to complete this discovery, and we in no way suggest that the Claims Commission did so err, such alleged error would be harmless as the information sought by Mitchell would not have enabled him to satisfy his burden of showing a genuine disputed issue of material fact with regard to injury or loss.

The State made a properly supported motion for summary judgment negating an essential element of Mitchell's claim, and Mitchell failed to produce evidence showing a genuine disputed issue of material fact. We affirm the Claim Commission's grant of summary judgment to the State.

## __Conclusion__

The judgment of the Claims Commission is affirmed, and this cause is remanded to the Claims Commission for collection of the costs below. The costs on appeal are assessed against the appellant, Joe Mitchell.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

7