IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 15, 2005 Session

## JESSE WILLIAMS, Sr., and wife JANET WILLIAMS v. LINKSCORP TENNESSEE SIX, L.L.C., d/b/a NASHBORO GOLF CLUB

An Appeal from the Circuit Court for Davidson County
No. 01C-3635     Hamilton V. Gayden, Jr., Circuit Judge

No. M2004-02603-COA-R3-CV - Filed on July 28, 2006

This is a premises liability action. While playing golf in the rain, the plaintiff slipped and fell on stairs on the golf course made of railroad cross ties. The plaintiff claimed that the stairs were covered with mud and some variety of moss or algae, making them dangerously slippery. The plaintiff sued the golf course for negligence. The defendant golf course filed a motion for summary judgment, which the trial court granted, finding that the plaintiff failed to proffer evidence of notice, either actual or constructive. The trial court also found that the plaintiff's evidence of a dangerous condition was speculative. We reverse, finding sufficient evidence to create a factual issue on whether a dangerous condition existed and whether the defendant golf course had constructive notice.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., joined; DAVID R. FARMER, J., dissented.

Luvell L. Glanton, Nashville, Tennessee, and Tusca R. S. Alexis, Nashville, Tennessee, for Plaintiff/Appellants Jesse Williams and Janet Williams.

Scott D. Carey, Nashville, Tennessee, and Mary Ann Miranda, Nashville, Tennessee, for Defendant/Appellee Linkscorp Tennessee Six, L.L.C.

### OPINION

This case arises out of Plaintiff/Appellant Jesse Williams' ("Williams") slip-and-fall accident at the Nashboro Golf Club in Davidson County, Tennessee. Williams allegedly suffered physical injuries as a result of the fall and brought suit against Defendant/Appellee Linkscorp Tennessee Six, L.L.C. ("Nashboro Golf Club") based on premises liability.

On the afternoon of March 12, 2001, Williams was playing a round of golf at Nashboro Golf Club. While playing, Williams allegedly slipped and fell on steps on the golf course made of railroad cross ties, near the eighth green, and sustained substantial injuries.

On November 30, 2001, Williams and his wife, Plaintiff/Appellant Janet Williams, filed a complaint in the Davidson County Circuit Court against Nashboro Golf Club for damages resulting from the injuries allegedly sustained while playing golf on Nashboro Golf Club's premises. The complaint alleged that Williams slipped and fell on railroad cross tie stairs while playing golf, and sustained injuries to his right shoulder and right knee. The complaint also averred that Nashboro Golf Club negligently breached a duty of reasonable care for the protection of its invitees, and that Nashboro Golf Club knew, or should have known, about the dangerous condition of the stairs on which Williams allegedly fell. Finally, the complaint alleged that wife Janet Williams lost, for a period of time, the services, companionship, consortium and society of her husband.

Following a period of discovery, Nashboro Golf Club filed a motion for summary judgment on August 18, 2004. Nashboro Golf Club argued that it was entitled to a judgment as a matter of law because (1) Williams failed to proffer any evidence of negligence on the part of Nashboro Golf Club, (2) there was no evidence that Nashboro Golf Club had either actual or constructive notice of the allegedly dangerous condition on the steps, and (3) Nashboro Golf Club's negligence, if any, was less than Williams'.

In support of its motion for summary judgment, Nashboro Golf Club filed the affidavit of Sean Wells, the Head Golf Professional and Assistant General Manager for Nashboro Golf Club. In his affidavit, Wells stated that Nashboro Golf Club opened in 1975, and the stairs constructed with railroad cross ties were placed near the eighth green in the mid 1980s. Wells observed that, since the inception of Nashboro Golf Club, approximately 870,000 rounds of golf had been played there. He asserted in his affidavit that no falls had been reported on the steps on which Williams allegedly fell. Additionally, Wells stated that only one other golfer had ever slipped on any set of railroad cross tie stairs at Nashboro Golf Club, in an incident which occurred near the sixteenth green, not the eighth, and led to a lawsuit in July 2000 against Linkscorp Tennessee Six, Inc.

The deposition testimony of several Nashboro Golf Club employees explained that maintenance workers routinely cut the grass and maintained the areas around the eighth green. This included repairing damaged or old cross ties. However, each employee testified that he never cleaned the cross tie steps. Despite the daily maintenance, according to Wells' affidavit, Nashboro Golf Club was not aware of any mud, moss, algae, or other dangerous condition on the steps that would have caused them to be slippery. Wells asserted that it was not feasible for Nashboro Golf Club to insure that the golf course would not be slippery when it rains.

In response to the motion for summary judgment, Williams filed his own affidavit and affidavits from his golfing partners, Larry Rees and Arthur Overall. In his affidavit, Williams stated that it had been raining for approximately fifteen minutes at the time he fell. He asserted that the cross tie steps appeared to be covered by mud and moss as well as water, although he did not see the

mud or moss on the steps before he fell. Williams speculated that a nearby flowerbed may have caused a slick run-off onto the steps. In their affidavits, both Rees and Overall stated that they witnessed Williams' fall, and asserted that the steps on which he fell were covered with an algae-like substance as well as water.

After two extremely brief hearings, the trial court entered an order granting Nashboro Golf Club's motion for summary judgment. The order explained that the trial court "found that the case fails on constructive notice or actual notice of any defect, which is speculative by itself, and that there have been several theories made by Plaintiffs and that the Court believes that this is not a case of liability." Williams now appeals from the grant of summary judgment.

On appeal, Williams argues that the trial court erred in granting summary judgment in favor of Nashboro Golf Club. The objective of summary judgment is "to pierce the pleadings and assess the proof to determine whether there is a genuine need for trial." *Byrd v. Hall*, 847 S.W.2d 208, 213 (Tenn. 1993). Consequently, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review the trial court's grant of summary judgment *de novo* with no presumption of correctness. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). In doing so, we must view the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in his favor. *Draper v. Westerfield*, 181 S.W.3d 283, 288 (Tenn. 2005); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997).

Business proprietors are not insurers of their patrons' safety. *See, e.g., Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004). Nonetheless, they are expected to exercise due care under all circumstances. *Id*. (citing *Martin v. Washmaster Auto Ctr., U.S.A.*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996)). This means that the premises owner must maintain the premises in a reasonably safe condition by removing or repairing dangerous conditions or by helping customers avoid injury by warning them of such dangerous conditions. *See Blair v. Campbell*, 924 S.W.2d 75, 76 (Tenn. 1996). If the premises owner neither knew of the dangerous condition nor could have discovered the condition through the exercise of reasonable care, the premises owner will not be held liable for breaching his duty to exercise due care. *Rice v. Sabir*, 979 S.W.2d 305, 308-09 (Tenn. 1998). The duty analysis requires the court to "balance the foreseeability and gravity of the potential risk of harm to a plaintiff against the burden imposed on the defendant in protecting against that harm." *Id*.

To establish a prima facie case for premises liability based upon negligence, the plaintiff must prove (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant that was below the standard of care, amounting to a breach of a duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. *See, e.g., Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998), *overruled on other grounds by Cross v. City of Memphis*, 20 S.W.3d 642, 644 (Tenn. 2000). For the premises owner to be liable for a dangerous and defective condition on his property, the plaintiff must prove each of the elements of negligence and either (1) that the condition

-3-

was caused or created by the premises owner or his agent, or (2) if the condition was created by someone other than the owner or his agent, that the premises owner had actual or constructive notice of the dangerous or defective condition prior to the accident. *Blair v. West Town Mall*, 130 S.W.3d at 764. A plaintiff can establish constructive notice by showing "a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence," making the dangerous condition reasonably foreseeable to the premises owner. *Id.* at 765–66. In the alternative, constructive notice can be established by proving that the dangerous condition existed for a sufficient length of time that the premises owner, by exercising due care, should have discovered the dangerous condition. *Simmons v. Sears, Roebuck & Co.*, 713 S.W.2d 640, 641–42 (Tenn. 1986); *see also Blair*, 130 S.W.3d at 764, 766 n.1.

In the instant action, the accident occurred on steps constructed by the Nashboro Golf Club, obviously with the intent that patrons should walk on them. Williams and the witnesses to his fall stated that, after the fall, they noticed moss or an algae-like substance on the steps. One prior suit was brought against Nashboro Golf Club for injuries sustained by a patron while using similar railroad cross tie steps. Given the slippery nature of such moss and the time required for it to grow, this evidence tends to show that the moss on the steps constituted a dangerous condition, and that the conditions of the stairs was "a general or continuing condition." *Blair*, 130 S.W.3d at 765-66.

Summary judgment requires the trial court to draw all reasonable inferences in the nonmoving party's favor. *Draper*, 181 S.W.3d at 288. Viewing the evidence in its totality and in a light most favorable to Williams, we believe that a trier of fact could reasonably conclude that Nashboro Golf Club should have known about the moss on the steps and the hazard created by such a condition, particularly when wet. Under these circumstances, we must conclude that the trial court erred in granting summary judgment in favor of Nashboro Golf Club.

The decision of the trial court is reversed and the case is remanded for further proceedings. The costs of this appeal are assessed against Defendant/Appellee Linkscorp Tennessee Six, L.L.C. for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE