IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 9, 2016 Session

## COOPER SINGLETARY, ET AL. v. GATLINBURLIER, INC., ET AL.

**Appeal from the Circuit Court for Sevier County**
**No. 13CV769IV      O. Duane Slone, Judge**

_____

**No. E2015-01621-COA-R3-CV**
**FILED-APRIL 25, 2016**

_____

This is a premises liability action. A visitor fainted and fell into an antique, glass display case located in a retail store in Gatlinburg, Tennessee. The glass in the case shattered, piercing her chest and causing her death. Her husband sued the retail store and the mall in which it operated for negligence. The defendants filed a motion for summary judgment, which the trial court granted, finding that the injuries were not reasonably foreseeable. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Glenna W. Overton-Clark, Knoxville, Tennessee, for the appellant, Cooper Singletary.

Robert A. Crawford, Knoxville, Tennessee, for the appellees, Gatlinburlier, Inc. d/b/a Gatlinburlier Tobacconist, et al.

### OPINION

FACTUAL AND PROCEDURAL HISTORY

While visiting Gatlinburlier Tobacconist, a retail store located in the Mountain Mall in Gatlinburg, Tennessee, Carol Singletary unexpectedly fainted and fell into an antique glass display case located in the store. The glass in the display case shattered and

a triangular shard of glass pierced Ms. Singletary's chest, lacerating her aortic arch and causing her to hemorrhage. Tragically, Ms. Singletary died of her injuries.

On December 13, 2013, Cooper Singletary, Ms. Singletary's husband ("Plaintiff"), filed suit against Gatlinburlier Tobacconist ("Gatlinburlier"); Ira T. Lapides,[1] owner of Gatlinburlier Tobacconist; and Mountain Mall (collectively "Defendants"), alleging that the "narrow or cluttered aisles and the [c]ase's fragile glass, which shattered and impaled [Ms. Singletary]" were the proximate causes of her death. Plaintiff further alleged that the "dangerous condition" of the case resulted in a breach of the standard of care owed to business invitees. Defendants filed an answer denying liability. Gatlinburlier asserted that it exercised reasonable care in the operation of its business.

On February 13, 2015, Defendants filed a motion for summary judgment, contending there were no genuine issues as to any material facts and that they were entitled to judgment as a matter of law. In support of the motion for summary judgment, Defendants submitted a statement of material facts; an affidavit of Charles Michael Ottinger, a thirty-year employee of Gatlinburlier; the depositions of Ira Lapides, Bryan Myers, and Plaintiff; as well as three photographs of the business premises. Plaintiff filed a response and argued "there are genuine issues of material fact for a jury to determine whether or not the Defendants owed a duty to Ms. Singletary and whether or not the nonshatterproof case was the proximate cause of Ms. Singletary's injuries and subsequent death."

The trial court held a hearing on July 13, 2015, and entered an order granting summary judgment on August 4, 2015. The court held, in pertinent part:

> Defendants have a duty of reasonable care under all of the circumstances. However, not all accidents, even fatal accidents, are the result of negligence.
>
> It is undisputed that nothing Defendants did or failed to do caused Carol Singletary to fall. The record supports the conclusion that the store was well lighted and that the prior experiences with the antique display case did not alert the Defendants that the harm done to this particular plaintiff was foreseeable.
>
> A plaintiff must show that the injury sustained was a reasonably foreseeable probability, not just a remote possibility. Foreseeability is the test of negligence. In this instance, the evidence supports the conclusion

---

[1]On May 15, 2014, Plaintiff filed an order of dismissal voluntarily dismissing Ira T. Lapides from the case.

that the injury could not have been reasonably foreseen.  Therefore, the duty of care does not arise.

Plaintiff appeals.

STANDARD OF REVIEW

Plaintiff argues that the trial court erred in granting Defendants' motion for summary judgment.  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  TENN. R. CIV. P. 56.04.  A trial court's award of summary judgment does not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). We consider the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we must determine whether any factual disputes exist.  *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993).  If a factual dispute exists, we must determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial.  *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015); *Byrd*, 847 S.W.2d at 211.  The moving party who does not bear the burden of proof at trial "may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense."  *Rye*, 477 S.W.3d at 264.  If the moving party satisfies the burden of production, the nonmoving party must respond by setting forth "specific facts showing that there is a genuine issue for trial." TENN. R. CIV. P. 56.06.

ANALYSIS

"Under the doctrine of *res ipsa loquitur*, which means the thing speaks for itself, the circumstances surrounding an accident or injury permit an inference that the defendant was negligent, in the absence of an explanation from the defendant." *Lipsey v. Protech Fire Sys., Inc*., No. W2001-01785-COA-R3-CV, 2003 WL 1618081, at *6 (Tenn. Ct. App. Mar. 17, 2003) (citing 57B AM. JUR. 2d, *Negligence* § 1819 (1989)).  To prevail on a premises liability claim based upon negligence, a plaintiff must establish: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant that was below the standard of care, amounting to a breach of a duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation." *Williams v. Linkscorp Tenn. Six, L.L.C*., 212 S.W.3d 293, 296 (Tenn. Ct. App. 2006).

The res ipsa loquitur doctrine addresses only two of the five elements of a

common-law negligence claim. It permits an inference that the defendant breached a duty it owed to the plaintiff. It also permits an inference that the defendant's conduct, whatever it was, caused the plaintiff's injury. Thus, to succeed with a negligence claim, a plaintiff relying on the doctrine must still prove: (1) that the defendant owed a duty to him or her and that the apparent cause of the injury lies within the scope of this duty; (2) that the plaintiff suffered an injury; and (3) that the defendant's conduct, whatever it may have been, was the legal cause of the plaintiff's injury.

*Burton v. Warren Farmers Coop*, 129 S.W.3d 513, 526 (Tenn. Ct. App. 2002) (footnote omitted).

Plaintiff, as the appellant, states in his brief: "The doctrine of res ipsa loquitur precludes summary judgment for the defendant when the only facts before the court are the occurrence and the injury." However, the facts of occurrence and injury were not the only facts before the trial court when it was considering the summary judgment motion. In support of Defendants' motion for summary judgment, Defendants provided proof via deposition and affidavit that antique display cases were not uncommon in retail stores in Gatlinburg, and that the display case had been purchased in 1981 or 1982 and was about thirty years old at that time. "Over the years the glass in the display case had withstood collisions from baby carriages, children leaning against and pushing on it and an impact from a 'purse the size of a refrigerator.'" The case's glass was cleaned regularly and "never appeared to be fragile or insubstantial." Mr. Lapides had no expectation that the glass would break. Furthermore, "nothing about the condition of the store caused Ms. Singletary to fall."

Res ipsa loquitur cannot be used to rebut the facts provided with the summary judgment motion; in fact, the facts provided rebut res ipsa loquitur:

The inferences permitted by the res ipsa loquitur doctrine are rebuttable. Most commonly, defendants rebut these inferences by proving (1) that they exercised reasonable care under the circumstances, (2) that the plaintiff's injury was caused by something over which they had no control, (3) that the plaintiff's injury was the sort of injury that commonly occurs without anyone's negligence, or (4) that the plaintiff's injury could not have been avoided even with the exercise of reasonable care.

*Burton*, 129 S.W.3d at 527. Defendants' evidence shows use of reasonable care and no notice of any problem with the case. Res ipsa loquitur does not apply in this matter.

Thus, at this point, it becomes incumbent upon the nonmoving party, here Plaintiff, to "demonstrate the existence of specific facts in the record which could lead a

rational trier of fact to find in favor of the nonmoving party." *Rye*, 477 S.W.3d at 265. Plaintiff offers the fact that Dr. Lapides knew that the display case glass was nonshatterproof. Based on this fact, Plaintiff maintains that "[a] reasonable person would have anticipated that it was possible for an antique display case, which contained nonshatterproof glass, could break and thereby create a risk of physical harm."

Whether a defendant owes a duty of care to a particular plaintiff is a question of law. *West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005). An owner of a premises must exercise reasonable care as to social guests and business invitees on the premises. *Brown v. Mercer-Defriese*, No. E2015-00755-COA-R3-CV, 2016 WL 286456, at *3 (Tenn. Ct. App. Jan. 25, 2016) (citing *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998)). "Reasonable care" involves the concept of foreseeability. *Dobson v. State*, 23 S.W.3d 324, 331 (Tenn. Ct. App. 1999). A plaintiff is required to prove that "the injury was a reasonably foreseeable probability and that some action within the defendant's power more probably than not would have prevented the injury." *Id*. Foreseeability is thus linked with probability -- the possibility of injury cannot be remote. *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992). The fact that an injury might be conceivable is not sufficient to create a duty. *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 367 (Tenn. 2008). "If the injury which occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability." *Doe*, 845 S.W.2d at 178. Foreseeability is "determined as of the time of the acts or omissions claimed to be negligent." *Id*. Hindsight is inappropriate in such matters.

Plaintiff emphasizes Defendants' "superior knowledge" that the glass was nonshatterproof. Plaintiff also admits that nothing about the store caused Ms. Singletary to fall. Defendants have presented evidence that the glass had survived many years and many collisions while showing no signs of fragility. Mr. Lapides had no expectation that the glass would break.

While we are sympathetic to Plaintiff for the tragic loss of his wife, we must agree with the trial court that the incident was not a reasonably foreseeable probability. No duty existed. Consequently, there is no negligence and no liability.

CONCLUSION

The judgment of the trial court is affirmed. Costs are assessed against the appellant for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE