IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 1, 2021

## SUSAN GREENE GARAMELLA v.
## CITY OF LEBANON, TENNESSEE, ET AL.

**Appeal from the Circuit Court for Wilson County**
**No.    18-CV-491   Michael Wayne Collins, Judge**
_____

**No. M2021-00262-COA-R3-CV**
_____

This is a negligence case arising out of an injury suffered by the plaintiff after she tripped over a sewer cleanout cap and fell on the sidewalk in a residential neighborhood. She filed suit against the construction company that placed the cleanout cap and the City of Lebanon that assumed ownership of the sidewalk. The trial court granted summary judgment in favor of the defendants, holding, inter alia, that the applicable statute of repose barred the suit against the construction company and that the City was immune from liability. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which ANDY D. BENNETT, J. and J. STEVEN STAFFORD, P.J., W.S., joined.

James P. McNamara, Nashville, Tennessee, for the appellant, Susan Greene Garamella.

P. Alexander Vogel, Knoxville, Tennessee, for the appellee, City of Lebanon, Tennessee.

T. William A. Caldwell, Nashville, Tennessee, for the appellees, Goodall Homes, Individually, and Clayton Properties Group, Inc., Individually, and Clayton Properties Group, Inc. d/b/a Goodall Homes.

**OPINION**
**I. BACKGROUND**

On September 24, 2017, Susan Greene Garamella ("Plaintiff") was walking her dog in the Colonial Village Community when she tripped over a sewer cleanout cap, causing her to fall and sustain injury. The cleanout cap, which protruded upward, was located roughly in the middle of the sidewalk.

In September 2018, Plaintiff filed suit against Goodall Homes ("Goodall"), the developer of the community, and the City of Lebanon ("the City") (collectively "the Defendants"). The City issued the certificate of occupancy and assumed responsibility for the maintenance of the sidewalk. Plaintiff alleged that the cleanout cap in its current location and protruding state constituted a defective, unsafe, or dangerous condition of which the Defendants had actual or constructive notice. Defendants denied liability, citing, inter alia, Plaintiff's comparative fault. Defendants filed motions for summary judgment.

The case proceeded to discovery, through which it was determined that Plaintiff was unfamiliar with the sidewalk on that particular road and was walking while distracted by her dog, who had "wandered off into [a] grassy area." She tripped over the cleanout cap as she walked over to retrieve her dog. She admitted that she probably would have seen the cleanout cap had she been looking forward as she walked. She further admitted that she would have avoided the cleanout cap had she noticed it.

The history of the sidewalk is as follows. Goodall contracted with a construction company to complete the sidewalk in question. In March 2006, Goodall dedicated the land on which the sidewalk is located to the City as part of a right of way. The sidewalk was substantially completed in September 2006. The City issued a certificate of occupancy on October 18, 2006, and a final surface inspection was completed on November 30, 2009. Thereafter, the City assumed responsibility for the maintenance of the sidewalk.

Prior to the incident, the Colonial Village Community Home Owner's Association ("HOA") addressed the issue of the cleanout cap at an advisory board meeting. Jo Lee Collins, a member of the Board of Directors for the HOA and Goodall's director of operations, was present at the meeting. Ms. Collins confirmed that she acted as a liaison between the HOA and Goodall. She recalled that at least two homeowners questioned the protruding nature of the cleanout cap, prompting her to discuss the issue with another Goodall employee. She ultimately learned that the placement was compliant with the applicable code. She confirmed that no further action was taken. Evidence was also presented to suggest that an unnamed homeowner had tripped over the cleanout cap at some point prior to Plaintiff's fall. Ms. Collins denied knowledge of the prior incident, and no evidence was presented to establish that the prior fall was reported to the City.

However, Ms. Collins recalled an incident in which another homeowner tripped

where the sidewalk had settled. The matter was referred to the property manager, who reported the issue to the City. She confirmed that the City repaired the settled sidewalk.

In consideration of the foregoing, Goodall argued that it owed no duty to Plaintiff because it did not own, maintain, or control the sidewalk at the time of the fall. Goodall further asserted that any claim for its negligent construction must be barred pursuant to Tennessee Code Annotated section 28-3-202, which provides as follows:

> All actions, arbitrations, or other binding dispute resolution proceedings to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, must be brought against any person performing or furnishing the design, planning, supervision, observation of construction, or construction of the improvement within four (4) years after substantial completion of an improvement.

Goodall explained that Plaintiff filed the claim 12 years after the sidewalk was substantially completed and 9 years after the City performed its final inspection of the development.

The City asserted that it was also immune from suit pursuant to Tennessee Code Annotated section 29-20-205, which provides, in pertinent part, as follows:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> * * *
>
> (4) A failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property[.]

The City further argued that it owed no duty to Plaintiff concerning the placement of the cleanout cap, which was not a dangerous condition and had been inspected and approved. Further, the City had no notice that the cleanout cap was dangerous as Plaintiff alleged when it had existed for approximately 11 years without incident or complaint. Lastly, the City argued that Plaintiff was more at fault for her injuries as evidenced by her failure to look forward while walking.

Plaintiff responded by asserting that genuine issues of material fact remained when a reasonable person could find that a dangerous condition existed on the day of the injury. She claimed that both Goodall and the City had actual and constructive notice of the issue

due to the obvious nature of the condition.[1]  She further claimed that the Defendants assumed a legal duty to maintain the property in question as evidenced by the testimony from Ms. Collins.

Following argument on the motions, the trial court granted summary judgment in favor of the Defendants.  As to Goodall, the court found that the applicable statute of repose barred suit for negligent construction and that Goodall did not maintain or assume any responsibility to maintain, repair, or warn about the sidewalk.  The court also found that Goodall did not undertake a duty to the homeowners as a result of a Goodall employee's presence on the HOA board.  The court further held that Plaintiff's fault was equal to or greater than any fault attributed to Goodall when Plaintiff admitted that she was not looking where she was walking and that the cleanout cap in question was open and obvious.  Lastly, the court noted that the there was no evidence in the record to establish that the condition was dangerous, defective, or unsafe.

As to the City, the court found that the City was immune from suit insofar as Plaintiff alleged negligent inspection pursuant to Section 29-20-205.  The court also found that there was no proof in the record to establish that the City had actual or constructive notice of the alleged dangerous condition at issue, thereby maintaining the City's immunity pursuant to Section 29-20-203.[2]  The court further held that Plaintiff's fault was equal to or greater than any fault attributed to the City when Plaintiff admitted that she was not looking where she was walking and that the cleanout cap in question was open and obvious.  Lastly, the court noted that the there was no evidence in the record to establish that the condition was dangerous, defective, or unsafe.  This timely appeal followed the trial court's grant of summary judgment.

## II.  ISSUES

We consolidate and restate the dispositive issues on appeal as follows:

A.      Whether entry of summary judgment in favor of the City was proper.

B.      Whether entry of summary judgment in favor of Goodall was proper.

---

[1] Plaintiff cited testimony from an inspector employed by the City.  He confirmed that the placement of the cleanout cap was "not a perfect scenario" and would have been noticed at inspection.

[2](a)      Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity. "Street" or "highway" includes traffic control devices thereon.
(b)      This section shall not apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved[.]

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

When a party moves for summary judgment but does not have the burden of proof at trial, the moving party must either submit evidence "affirmatively negating an essential element of the nonmoving party's claim" or "demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). Once the moving party has satisfied this requirement, the nonmoving party "'may not rest upon the mere allegations or denials of [its] pleading.'" *Id.* at 265 (quoting Tenn. R. Civ. P. 56.06). Rather, the nonmoving party must respond and produce affidavits, depositions, responses to interrogatories, or other discovery that "set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06; *see also Rye*, 477 S.W.3d at 265. If the nonmoving party fails to respond in this way, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." Tenn. R. Civ. P. 56.06.

We review a trial court's summary judgment determination de novo, with no presumption of correctness. *Rye*, 477 S.W.3d at 250. Therefore, "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In reviewing a summary judgment motion on appeal, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." *Shaw v. Metro. Gov't of Nashville & Davidson Cnty.*, 596 S.W.3d 726, 733 (Tenn. Ct. App. 2019) (citations and quotations omitted).

## IV. DISCUSSION

A premises liability claim is one of negligence, requiring proof of

(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant that was below the standard of care, amounting to a breach of a duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. For the premises owner to be liable for a dangerous and defective condition on his property, the plaintiff must prove each of the elements of negligence and either (1) that the condition was caused or created by the premises owner or his agent, or (2) if the condition was created by someone other than the owner or his agent, that the premises owner had actual or constructive notice of the dangerous or defective condition prior to the accident.

*Williams v. Linkscorp Tennessee Six, L.L.C.*, 212 S.W.3d 293, 296 (Tenn. Ct. App. 2006) (internal citations omitted).

A. & B.

As to the City, Plaintiff suggests that her claim was not dependent upon a failure to inspect. Rather, she submitted evidence to establish that the City had inspected the area, establishing its actual and constructive notice of the dangerous condition. Plaintiff suggests that immunity was then removed pursuant to Section 29-20-203, which provides:

> (a)    Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity. "Street" or "highway" includes traffic control devices thereon.

> (b)    This section shall not apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved[.]

Plaintiff submits that there was sufficient evidence in the record to establish that the cleanout cap presented a dangerous condition. We disagree.

The record reflects that the sidewalk was inspected in November 2009 and again by the HOA prior to the fall. The subject area was deemed safe and in keeping with the applicable code. The inspector noted that the location and state of the cleanout cap was "not an ideal scenario;" however, Plaintiff presented no evidence other than her fall and the alleged fall of an unnamed homeowner at some point in time to establish that the cleanout cap itself was a dangerous condition. "Negligence cannot be presumed by the mere happening of an injury or accident. Simply put, people fall all the time but this does not perforce mean that the fall was due to another's negligence." *Steele v. Primehealth Med. Ctr., P.C.*, No. W2015-00056-COA-R3-CV, 2015 WL 9311846, at *5 (Tenn. Ct. App. Dec. 22, 2015) (internal citations and quotations omitted).

Plaintiff further admitted that she would have noticed the cleanout cap and avoided the cap had she been looking where she was walking, lending credence to the assertion that the location of the cleanout cap and its protruding state was within the applicable code and not a dangerous condition. Accordingly, we hold that the facts presented fail to establish that a dangerous or defective condition existed on the sidewalk and that Plaintiff failed to establish the City's duty of care under the circumstances presented. *See generally Grady v. Summit Food Corp.*, M2012-02493-COA-R3-CV, 2013 WL 4107285, at *6 ("In the absence of a dangerous condition, Defendant owed no duty to Plaintiffs.").

As to Goodall, Plaintiff makes a thinly supported argument to establish that the

statute of repose does not bar a suit for negligent construction when the area in question was dedicated to the City within the statute of repose. The applicable statute of repose does not support such an argument. Accordingly, Goodall may not be held liable for negligence unless it undertook a duty to maintain or warn about a dangerous condition on the sidewalk beyond the four-year statute of repose. Tenn. Code Ann. § 28-3-202.

Plaintiff next attempts to present evidence of Goodall's discussions concerning the cleanout cap after the fall to establish that Goodall undertook such a duty concerning the safety of the sidewalk. Such evidence is inadmissible pursuant to Rule 407 of the Tennessee Rules of Evidence, which provides as follows:

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent remedial measures is not admissible to prove strict liability, negligence, or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving controverted ownership, control, or feasibility of precautionary measures, or impeachment.

Plaintiff also failed to submit sufficient evidence at the summary judgment stage to establish that Goodall undertook a duty *prior* to the fall to maintain the sidewalk or warn homeowners of dangerous conditions. Rather, Plaintiff proved the opposite, namely that the area was deemed in keeping with the applicable code and that areas not in keeping with the code were referred to the City, namely the uneven sidewalk.

Plaintiff next objects to the trial court's determination of fault. This issue is pretermitted by our finding that Plaintiff failed to establish a duty of care owed by either defendant. In consideration of the foregoing, we conclude that the Defendants affirmatively negated an essential element of Plaintiff's claim and demonstrated that Plaintiff's evidence at the summary judgment stage was insufficient to prove her claims of negligence against them. *See Rye*, 477 S.W.3d at 264. Plaintiff failed to demonstrate, by affidavits or otherwise, that there was a genuine issue of material fact to necessitate a trial. *See id.* at 265. Therefore, we affirm the trial court's grant of the motions for summary judgment.

## V.  CONCLUSION

For the reasons stated above, we affirm the decision of the trial court.  The case is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellant, Susan Greene Garamella.

_____
JOHN W. MCCLARTY, JUDGE