IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2024 Session

**JANINE HALTERMAN-SCOTT v. TENNESSEE SOCIETY OF
CERTIFIED PUBLIC ACCOUNTANTS**

**Appeal from the Circuit Court for Williamson County**
**No. 22CV-470      Joseph A. Woodruff, Judge**

_____

**No. M2024-00373-COA-R3-CV**

_____

The Plaintiff was injured as a result of stepping into a hole in the grass on the Defendant's property and brought a premises liability action. The trial court granted summary judgment to the Defendant, finding that the Plaintiff's responses to the Defendant's statement of undisputed material facts established that the Defendant had no actual or constructive notice of the dangerous condition. On appeal, the Plaintiff asserts there is evidence from which notice could be inferred. We conclude that the trial court properly granted summary judgment. The judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JEFFREY USMAN, J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY W. ARMSTRONG, JJ., joined.

Jonathan H. Wardle, Lebanon, Tennessee (on appeal), and Phillip S. Georges (at trial and on appeal), Nashville, Tennessee, for the appellant, Janine Halterman-Scott.

Anthony M. Berry, Nashville, Tennessee, for the appellee, Tennessee Society of Certified Public Accountants.

**OPINION**

**I.**

The primary question in this appeal is whether the Plaintiff, Janine Halterman-Scott, is bound by the admissions made in her responses to the Defendant's statement of undisputed material facts. We conclude that she is, and we accordingly affirm the trial

court's order granting summary judgment to the Defendant, Tennessee Society of Certified Public Accountants (TSCPA).

Ms. Halterman-Scott was injured while providing catering services to TSCPA on its premises. Ms. Halterman-Scott was walking outdoors, moved off the sidewalk and into the grass, and stepped into a hole. In her deposition, she described the hole as four or five inches deep and eight inches long. A photograph included in the record shows a grassy spot between the sidewalk and the building, with a darker area of the grass circled.

After discovery, TSCPA moved for summary judgment, arguing that Ms. Halterman-Scott could not prevail because she could not show that TSCPA either caused the condition or had actual or constructive knowledge of it. TSCPA set forth a statement of undisputed material facts supporting its motion, and Ms. Halterman-Scott responded to the statement as follows:

7. Plaintiff has no evidence that Defendant was ever put on notice regarding the presence of the hole.

**ANSWER: Admit.**

8. Plaintiff had walked by the hole earlier in the day herself and did not see it.

**ANSWER: Admit in part and Deny in part, the Plaintiff went by the area before that day but was not looking in the grass nor walking in the grass, she was taking equipment and pushing carts.**

9. Plaintiff has no evidence regarding the hole's origin or what caused it.

**ANSWER: Admit.**

10. Plaintiff has no evidence revealing how long the hole was present in the ground at the time of her accident.

**ANSWER: Admit.**

11. Plaintiff has no evidence that anyone else walked into the hole before she did.

**ANSWER: Admit.**

(Citations to record omitted.) Ms. Halterman-Scott had been to that same location no more than five or ten times since 2008 and had never experienced an issue with holes in the

ground on the property.

Although TSCPA's motion for summary judgment analyzed and cited to caselaw requiring the property owner in a premises liability action to have actual or constructive notice, Ms. Halterman-Scott did not in her briefing in opposition to summary judgment assert that the TSCPA had such notice. Instead, Ms. Halterman-Scott's brief asserted that "[t]he issue in this case is not whether the Defendant had notice of the dangerous condition, in this case the hole, but rather the lack of due diligence to discover, maintain and correct the dangerous condition." The brief rejected the necessity of notice, stating, "Whether the Defendant had notice of the hole or not does not change the existence of the hole on the property."

Ms. Halterman-Scott did not submit her own statement of undisputed material facts. She cited in her briefing in opposition to summary judgment to the opinion of her expert Mr. Frank Burg that "allowing a hole of five to six inches to form" and "subjecting invitees to the danger of that hole without a proper warning" violated the standard of care. The expert report noted that the hole was not visible. The expert opined that TSCPA "violated the standard of ordinary care when they did nothing to protect people walking on their property from this hidden danger" and that TSCPA "failed to be proactive." The report cited various regulations and rules generally discussing worker safety. The report stated that a cone or cover would have prevented the damage and that TSCPA "must maintain their lawn and their property, conduct inspections, and assure that their property is free of recognized hazards which will injure their employees, subcontractors, and patrons." Notably, the expert's report, however, did not address notice. The brief also referenced a photograph and an accident report from the caterer, which reiterated that Ms. Halterman-Scott injured her ankle walking through the grass and recounted the steps taken to address the injury.

Ms. Halterman-Scott's briefing in opposition to summary judgment relied on *McCormick v. Warren County Board of Education*, No. M2011-02261-COA-R3-CV, 2013 WL 167764, at *8 (Tenn. Ct. App. Jan. 15, 2013), in which this court affirmed a trial court's finding that the property owner had constructive notice of a hole in a football field when the plaintiff introduced proof that the area was mowed one to three times per week. Ms. Halterman-Scott argued, "Just as in *McCormick*, the area in question here was a large hole, located in a place where the grass is cut regularly," citing to the photograph of the hole. Ms. Halterman-Scott, however, failed to cite to any evidence related to the approach to grass cutting in the area around the hole. TSCPA replied, arguing that Ms. Halterman-Scott was required to establish notice, that the expert's report constituted circular reasoning, and that *McCormick* could be distinguished because the plaintiff there presented evidence regarding the maintenance of the field.

The trial court granted summary judgment. In its factual recitation, the trial court relied on the responses to the statement of undisputed material facts to find that Ms.

Halterman-Scott had "no evidence that the [TSCPA] was ever put on notice regarding the presence of the hole." The trial court's order noted that Ms. Halterman-Scott's counsel at the summary judgment hearing indicated he intended to concede only actual rather than constructive notice.[1] However, the trial court found that the written admission was not qualified or limited, and that "[t]herefore, despite the argument of her counsel, Mrs. Halterman-Scott's response was clearly to '[a]dmit' that she had no evidence that the [TSCPA] was ever put on notice regarding the presence of the hole." The court also found that Ms. Halterman-Scott had "no evidence regarding the hole's origin or what caused it," "no evidence revealing how long the hole was present in the ground," and "no evidence that anyone else walked into the hole before she did."

The court rejected Ms. Halterman-Scott's reliance on *McCormick*, noting that it could not accept Ms. Halterman-Scott's assumptions regarding the facts surrounding the hole in place of clear admissions in the response to the statement of undisputed facts. Regarding the expert report, the trial court stated in a footnote that the expert's "opinions were never identified by Mrs. Halterman-Scott in her response to the [TSCPA's] Rule 56.03 statement as evidence with which she intended to rely for carrying her burden of proof that the [TSCPA] was put on notice regarding the presence of the hole." In a separate footnote, the court concluded that it would exclude the expert's report under Tennessee Rule of Evidence 702 because the expert could not say with any reasonable degree of professional certainty that an inspection would have uncovered the hole and the report therefore did not substantially assist the trier of fact.

The trial court concluded that, based on the responses admitting that Ms. Halterman-Scott lacked evidence to show that TSCPA had notice of the condition, lacked evidence regarding how long the hole had existed, lacked evidence regarding the hole's origin, and lacked evidence that anyone else had walked into the hole, TSCPA had established that it had no actual or constructive notice. The trial court went on to state that, based on TSCPA's showing, the burden would shift to Ms. Halterman-Scott to demonstrate facts that could lead to a favorable verdict for her. The trial court observed that Ms. Halterman-Scott filed no additional statement of material facts but referred in her brief to the expert report, the accident report generated by the caterer, and a photograph of the hole. Observing that "'[j]udges are not like pigs, hunting for truffles' that may be buried in the record," the court stated it would decline to "comb through" the record in search of a genuine issue of material fact. *See Cartwright v. Jackson Cap. Partners, Ltd. P'ship*, 478 S.W.3d 596, 616 (Tenn. Ct. App. 2015) (quoting *Flowers v. Bd. of Professional Responsibility*, 314 S.W.3d 882, 899 n. 35 (Tenn. 2010)). The trial court granted summary judgment to TSCPA. Ms. Halterman-Scott appeals the grant of summary judgment.

II.

---

[1] The hearing is not part of the appellate record.

Under Tennessee Rule of Civil Procedure 56.04, a court may grant a party summary judgment on a claim when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review an order granting summary judgment de novo, with no presumption of correctness. *Cotten v. Wilson*, 576 S.W.3d 626, 637 (Tenn. 2019). A party seeking summary judgment who does not bear the burden of proof at trial "may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

A motion for summary judgment "shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial," set forth in separate numbered paragraphs and supported by citations to the record. Tenn. R. Civ. P. 56.03. The party opposing the motion may set forth additional facts demonstrating that there exists a genuine issue to be tried. *Id.* In response to a motion for summary judgment supported under the Rule, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party may not merely assert "some metaphysical doubt as to the material facts." *Rye*, 477 S.W.3d at 265 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, it must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye*, 477 S.W.3d at 265. The evidence at a motion for summary judgment must be viewed in the light most favorable to the nonmoving party, with all reasonable inferences drawn in that party's favor. *Cotten*, 576 S.W.3d at 637. However, a failure to set forth specific facts showing a genuine issue for trial will result in the court granting summary judgment. Tenn. R. Civ. P. 56.06.

III.

On appeal, Ms. Halterman-Scott asserts that the trial court erred in granting summary judgment because there was a genuine issue of material fact regarding whether TSCPA had constructive notice of the hole. TSCPA responds that Ms. Halterman-Scott is bound by her admissions to the statement of undisputed material facts and that these responses establish that TSCPA did not have actual or constructive notice of the condition. We conclude that that Ms. Halterman-Scott is bound by her admissions and that her admissions preclude a finding that TSCPA had constructive notice.

Ms. Halterman-Scott states on appeal that, in the trial court, she argued "strenuously that TSCPA had constructive notice of the hole." This is simply not so. In fact, the phrases "constructive notice" or "constructive knowledge" do not appear at all in her written arguments in opposition to summary judgment before the trial court. While she did address a duty to inspect, in addressing TSCPA's argument that it is entitled to summary judgment based upon a lack of actual or constructive notice, Ms. Halterman-Scott's counsel responded in briefing that "[t]he issue in this case is not whether the Defendant had notice of the dangerous condition, in this case the hole, but rather the lack of due diligence to discover, maintain and correct the dangerous condition." The briefing in opposition to summary judgment explicitly rejects the necessity of notice, asserting, "Whether the Defendant had notice of the hole or not does not change the existence of the hole on the property." While notice may not change the existence of the hole, it affects dramatically the premises owner's liability.

Business owners must exercise due care under the circumstances, but they are not the insurers of their patrons' safety. *Williams v. Linkscorp Tenn. Six, L.L.C.*, 212 S.W.3d 293, 296 (Tenn. Ct. App. 2006). The duty of care includes "removing, or warning against, any dangerous condition on the premises of which the property owner is actually aware or should be aware through the exercise of reasonable diligence." *Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014). Initially, to succeed in a premises liability action, plaintiffs must prove the elements of negligence. *Id.* That is, they must demonstrate "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause." *Id.* at 250 n.7 (quoting *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008)). The duty of a premises owner to protect others stems "from the position of control which the person in possession occupies; he is the person normally best able to prevent harm to others." *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980) (citing *Paradiso v. Kroger Co.*, 499 S.W.2d 78, 79 (Tenn. Ct. App. 1973)). However, property owners do not have a duty to warn against or remove latent defects or dangers about which the owners did not know and could not have known. *Parker*, 446 S.W.3d at 350 (citing *Rice v. Sabir*, 979 S.W.2d 305, 308-09 (Tenn. 1998)). Accordingly, in addition to the elements of negligence, the plaintiff in a premises liability case must show that: "1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004). Here, the parties agree that TSCPA did not cause or have actual notice of the condition.

Thus, for Ms. Halterman-Scott's claim to survive, she must rely upon constructive notice. Constructive notice is "information or knowledge of a fact imputed by law to a person (although he may not actually have it) because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into

it." *Parker*, 446 S.W.3d at 351 (quoting *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 15 (Tenn. 1997)). Constructive notice in premises liability cases may be established: (1) by showing that a dangerous or defective condition existed for such a length of time that a property owner, in the exercise of reasonable care, should have become aware of it, or (2) by showing that the dangerous condition resulted from "a pattern of conduct, a recurring incident, or a general or continuing condition." *Id.* at 351-52 (quoting *Blair*, 130 S.W.3d at 765). These avenues have been referred to as the "passage of time theory" and the "common occurrence theory." *Mitchell v. City of Franklin*, No. M2021-00877-COA-R3-CV, 2022 WL 4841912, at *7 (Tenn. Ct. App. Oct. 4, 2022). Under the passage of time theory, to reach an inference that the property owner should have become aware of the condition, the plaintiff must adduce proof regarding the length of time the condition existed. *Id.* "[A]s a general rule, constructive knowledge cannot be established without some showing of the length of time the dangerous condition had existed." *Fowler v. City of Memphis*, 514 S.W.3d 732, 740 (Tenn. Ct. App. 2016) (quoting *Hardesty v. Serv. Merch. Co.*, 953 S.W.2d 678, 682 (Tenn. Ct. App. 1997)). "[I]n order to find constructive notice under the common occurrence theory, the plaintiff must show that the dangerous condition occurred in 'the same approximate location and in such a frequent manner, that the happening of the condition was foreseeable by the defendants.'" *Fowler*, 514 S.W.3d at 740 (quoting *Merrell v. City of Memphis*, No. W2013-00948-COA-R3-CV, 2014 WL 173411, at *7 (Tenn. Ct. App. Jan. 16, 2014)).

Ms. Halterman-Scott asserts error in the trial court's finding that she admitted she had no evidence of constructive notice, arguing that her admission that she had "no evidence that Defendant was ever put on notice regarding the presence of the hole" was regarding actual notice only. Even if we were to accept for purposes of argument Ms. Halterman-Scott's contention this particular admission only applies to actual notice, Ms. Halterman-Scott's other admissions foreclose the possibility of her demonstrating constructive notice. As noted above, to establish constructive notice, Ms. Halterman-Scott would have to adduce proof either that the condition had existed for sufficient time so that TSCPA should have discovered it or that the condition resulted from a pattern of conduct, a recurring incident, or a general and continuing condition. *See id.* at 737-38. Here, Ms. Halterman-Scott explicitly conceded any sort of factual basis that could have supported the conclusion that TSCPA had constructive notice — she admitted that she had no evidence regarding the hole's origin, no evidence regarding how long it had been present, and no evidence that any other person had stepped into it. She also failed to present facts leading to the conclusion that TSCPA should have been alerted to the existence of the hole or been aware of its existence through some other means. Accordingly, given her admissions and failure to present any countervailing facts, the trial court was correct that she admitted that she could not establish constructive notice.

Nevertheless, Ms. Halterman-Scott seeks to establish notice by referencing a duty to inspect. She asserts that she did argue below that TSCPA should have discovered the hole through inspection. *See Meadow v. D & G Ltd. Assortments, Inc.*, No. M2013-01627-

COA-R3-CV, 2014 WL 4536561, at *4 (Tenn. Ct. App. Sept. 11, 2014) ("Proof submitted by a plaintiff that a defendant-owner or its agent failed to adequately perform an inspection of its property is 'directly relevant' to the question of whether it had constructive notice of the dangerous condition or defective condition resulting in injury." (quoting *Brown v. Chester Cnty. Sch. Dist.*, No. W2008-00035-COA-R3-CV, 2008 WL 5397532, at *6 (Tenn. Ct. App. Dec. 30, 2008)); *cf. Parker*, 446 S.W.3d at 353 (concluding a hotel owner had no duty to inspect the structural integrity of a bench and citing *Smith v. Castner-Knott Dry Goods Co.*, No. 01A01-9512-CV-00554, 1997 WL 203605, at *3 (Tenn. Ct. App. Apr. 25, 1997), for the proposition that a department store had only a duty to warn of dangers that could be discovered by reasonable inspection and no duty to inspect for structural integrity). However, "a reasonable inspection policy has no effect without proof of the length of time the defect existed"; in other words, any duty to inspect is hollow without some evidence that an inspection would have revealed the defect. *Mitchell v. City of Franklin*, No. M2023-00736-COA-R3-CV, 2024 WL 1928839, at *10 (Tenn. Ct. App. May 2, 2024), *perm. app. denied* (Tenn. Aug. 13, 2024).

In this vein, Ms. Halterman-Scott believes that notice could be established by considering her expert's opinion regarding inspection and duty. For the timing component, Ms. Halterman-Scott endeavors on appeal to rely on the expert's report regarding inspection and argues that the trial court erred in excluding the report. A trial court's decision regarding the "qualifications, admissibility, relevancy, and competency of expert testimony" is reviewed for abuse of discretion. *Brown v. Crown Equip. Corp.*, 181 S.W.3d 268, 273 (Tenn. 2005). However, the expert's report in this case does not offer an opinion regarding how long the hole had been in existence or whether a reasonable inspection would have uncovered it. Instead, the expert makes conclusory statements that the hole was dangerous and TSCPA breached a duty by not remedying the condition or warning the public. Ms. Halterman-Scott's counsel acknowledged before this court that the report was intended to establish duty and not the length of time the hole had existed.[2] The report states the hole was hidden by grass and refers to photographs, but it does not purport to opine on how long the hole had existed. The report fails to engage with the requirement under Tennessee law that a plaintiff must demonstrate that the property owner either caused the condition or had actual or constructive notice of it. Accordingly, the report would not have assisted Ms. Halterman-Scott in establishing constructive notice — which was the dispositive issue in summary judgment — even if the court had not excluded the report.

---

[2] Counsel made this acknowledgment in response to a direct question from this court:

Judge: Is there anywhere in the expert's report where they indicate when the hole developed or how — or give any facts that would say when this hole appeared or . . . some sense of how long it had been there?

Counsel: The expert report was provided not to say how long the hole was there but to say that you have a duty to inspect.

Turning again to the question of timing on appeal, Ms. Halterman-Scott argues that the photograph exhibit shows that the grass on the lawn presents as a level plane, indicating the hole was there when the lawn was last mowed. This argument is essentially an assertion that the hole's lifespan can be inferred from the length of the grass in the hole. While this presents an interesting argument, the problem for Ms. Halterman-Scott is that this argument is presented for the first time on appeal and directly contradicts her admissions in the trial court. In essence, as framed on appeal, this is an argument that Ms. Halterman-Scott has evidence revealing how long the hole was present in the ground at the time of her accident: long enough for the grass to grow to fill the hole and be cut level with the surrounding grass. However, when TSCPA presented her with the statement, "Plaintiff has no evidence revealing how long the hole was present in the ground at the time of her accident," she responded, "Admit."

In general, "when the opposing party agrees that a fact is not disputed pursuant to Tenn. R. Civ. P. 56.03, the court may rely upon that admission in determining whether a genuine issue of material fact exists." *Summers v. Cherokee Children & Family Servs.*, 112 S.W.3d 486, 510 (Tenn. Ct. App. 2002). In fact, a trial court may even "consider statements of fact as admitted when a non-moving party fails to respond to the moving party's statement of material facts." *Brennan v. Goble*, No. E2020-00671-COA-R3-CV, 2021 WL 2156443, at *6 (Tenn. Ct. App. May 27, 2021). This is because Tennessee Rule of Civil Procedure 56.03 was enacted "to prevent the trial court from having to search the record for disputed facts when ruling on a summary judgment motion." *Id.* at *7. When a party fails to respond to the statement of undisputed facts, the trial court may deem the statements admitted and decline to consider that party's factual contentions,[3] even if they could be ascertained from the record. *Id.* The statements of material facts in a motion for summary judgment "are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." *Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001) (quoting *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994)). "Although the trial court may, at its discretion, waive the requirements of the rule where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record." *Holland v. City of Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003).

Whether or not the hole's prior existence could reasonably have been inferred from the length of grass in the photograph in other circumstances, the trial court here was justified in relying on Ms. Halterman-Scott's admission that she had no evidence regarding how long the hole had existed and on her failure to cite to evidence on the issue. This is especially true because she never actually argued to the trial court that the photograph showed that the hole had existed for a period of time sufficient to allow the grass to cover

---

[3] Generally, a party is not bound by admissions of legal conclusions, only of facts. *Old Hickory Coaches, LLC v. Star Coach Rentals, Inc.*, 652 S.W.3d 802, 813-14 (Tenn. Ct. App. 2021).

it and grow as high as the surrounding grass.  Her reference to the photograph in her briefing in opposition to summary judgment was for the purpose of supporting the contention that the lawn was maintained.

Nevertheless, Ms. Halterman-Scott advances the argument that the court erred when it declined to engage in a "truffle hunt" by looking through the attachments to her briefing in opposition to summary judgment.  The trial court concluded that Ms. Halterman-Scott had not carried her burden to demonstrate a genuine issue of material fact through her responses to the statement of undisputed facts or through her own Rule 56.03 statement and that she was attempting to place the burden of combing the record on the court in her references to the expert report, the accident report, and the photograph.  We note that Ms. Halterman-Scott did not cite to the place in the deposition where she described the timing or the circumstances surrounding the taking of the photograph.  Although she argues on appeal that the court erred in not considering the documents attached to her brief because "[t]his was no truffle hunt," Ms. Halterman-Scott was asking the trial court to peruse the deposition in hopes of ascertaining what the photograph depicted and when it was taken.  We cannot say the court erred in declining to do so, particularly when presented with the admissions at issue.  *See Bennett v. Trevecca Nazarene Univ.*, 216 S.W.3d 293, 298 n.4 (Tenn. 2007) ("A trial court should not need to sift through lengthy deposition testimony to find any information that is essential to its summary judgment decision.").

Ms. Halterman-Scott asserts the court erred when it refused to consider the documents attached to her briefing in opposition to summary judgment, but none of the cases cited in her brief stand for the proposition that this was error.  *See TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (affirming the trial court's decision to address the motion on the merits despite allegedly insufficiently specific citations to the record, and observing the court could waive the Rule if it found the responses sufficient); *Key v. Blount Mem'l Hosp., Inc.*, No. E2010-00752-COA-R3-CV, 2011 WL 2135358, at *14 (Tenn. Ct. App. May 31, 2011) (concluding that the party substantially complied with the Rule by attaching affidavits to the motion and providing citations, but alternatively upholding the trial court based on the discretion to consider the material); *First Citizens Bank of Cleveland v. Cross*, 55 S.W.3d 564, 571 (Tenn. Ct. App. 2001) (concluding that the nonmoving party substantially complied with the Rule by adequately setting forth the undisputed facts and adequately setting forth facts in dispute with citations to the record); *see also Nunley v. Farrar*, No. M2020-00519-COA-R3-CV, 2021 WL 1811750, at *5-6 (Tenn. Ct. App. May 6, 2021) (the court abused its discretion waiving the requirements of the Rule when the movant's statement of undisputed facts did not clarify which facts were material and whether they were disputed and did not contain citations to the record); *Owens*, 77 S.W.3d at 775 (the trial court did not abuse its discretion in failing to waive the "strict requirements" of the Rule).  In any event, neither the photograph, which was presented without context, the expert's report, nor the accident report establish constructive notice.  Accordingly, we conclude that the court did not err in relying on the admissions to TSCPA's statement of undisputed material facts.

For the same reason, Ms. Halterman-Scott's reliance on *McCormick* and *Williams* is unpersuasive.  In these cases, the plaintiffs presented arguments and introduced evidence from which it could be inferred that the defendants should have been aware of the dangerous condition.  *McCormick v. Warren Cnty. Bd. of Educ.*, No. M2011-02261-COA-R3-CV, 2013 WL 167764, at *6-8 (Tenn. Ct. App. Jan. 15, 2013) (affirming the trial court's holding that the defendant had constructive notice of a hole in a football field it when the field was mowed one to three times per week and the hole was so deep that the plaintiff fell in to her knee); *Williams*, 212 S.W.3d at 296  (reversing summary judgment because, given the time required for moss to grow, constructive notice could be inferred under the theory that there was a pattern of conduct, recurring incident, or general continuing condition).  The plaintiffs in those cases did not concede that there was no evidence regarding the bases upon which constructive notice could be established.  Here, Ms. Halterman-Scott's sole argument pertinent to the issue of notice in the trial court consisted of the statement that "the area in question here was a large hole, located in a place where the grass is cut regularly," with support for this proposition consisting solely of uncontextualized citing to the photograph of the hole.  Accordingly, she relied upon an uncontextualized photograph, as to which she did not cite further information.  Ms. Halterman-Scott presented no argument related to how long the hole had been present and did not present evidence actually establishing how the grass was maintained.

Ultimately, because Ms. Halterman-Scott was required to prove constructive notice of the defect and because she conceded the factual bases for such notice in her responses to the statement of undisputed facts, the trial court did not err in granting summary judgment.

## IV.

Based on the reasoning above, we affirm the trial court's order granting summary judgment.  Costs of this appeal are taxed to the appellant, Janine Halterman-Scott, for which execution may issue if necessary.

_____
JEFFREY USMAN, JUDGE